187 So.2d 372 (1966)
Hazele M. REYNOLDS, Appellant,
v.
Floyd W. REYNOLDS and Reynolds Ranch, Inc., Appellees.
No. 6849.
District Court of Appeal of Florida. Second District.
June 8, 1966.
*373 Hal H. McCaghren, West Palm Beach, for appellant.
James J. Taylor, of Mabie & Taylor, Wauchula, for appellees.
PER CURIAM.
This is an interlocutory appeal from an order denying a motion to vacate an order adjudging plaintiff guilty of contempt and modifying a final decree which was entered June 28, 1965.
The defendant filed a petition for a rule to show cause which was served upon the plaintiff in Palm Beach County, Florida, on the 7th day of June, 1965. She was ordered to appear with the minor children of the parties at a hearing in Bartow, Florida, on June 8, 1965, at 2:30 p.m. to show cause why she should not be held in contempt of court. She did not appear, and the court entered its order adjudging her guilty of contempt and modifying the final decree which had previously been entered. Subsequently, the plaintiff filed a motion to vacate the order which was denied on June 28, 1965, and plaintiff appeals from that order.
Defendant failed to file an appellee's brief and asked only that he be notified of the time for oral argument.
We believe that the plaintiff has in effect been denied due process of law since she received notice of the hearing on the 7th day of June, 1965, ordering her to appear on the 8th day of June, 1965, and that the ends of justice will best be served by affording the plaintiff a rehearing on the petition for contempt and giving her more adequate notice before such hearing is scheduled.
We hasten to add that the orders and decrees issued by the trial courts are to be obeyed and that a person failing to do so is subject to severe treatment. Our only concern here is the short notice afforded the plaintiff.
We therefore reverse the order denying the motion to vacate the order adjudging the plaintiff guilty of contempt and modifying the final decree and remand the cause for further hearing not inconsistent with this opinion.
SHANNON, Acting C.J., and LILES and HOBSON, JJ., concur.