BASKIN, Judge.
Appellant Stramondo challenges a trial court order adjudging him guilty of contempt and sentencing him to five months and twenty-nine days incarceration in the Dade County Jail for conduct in violation of prior court orders.
The court found that appellant interfered with the duties of the court-appointed receiver who was responsible for the control of business assets which were the subject of a legal dispute between the parties. Despite a court order enjoining the parties from disposing of the assets, appellant sold them to Suzy Equipment and Supplies, Inc., a corporation owned by his father. The court conducted a hearing and then restrained appellant from removing the assets from Suzy’s warehouse. The court also ordered appellant to show cause why he should not be held in contempt. The Rule to Show Cause was delivered to appellant one day before the scheduled contempt hearing; nevertheless, the court denied appellant’s motion for continuance.
At the conclusion of the contempt hearing, the trial court found appellant in willful contempt for selling of restaurant assets to Suzy without obtaining court consent, for utilizing the proceeds to pay business debts without obtaining the co-signature required by court order, and for impeding the receiver’s efforts to secure the assets. In its Order of Commitment of Civil Contempt, the court stated:
It is therefore ordered that the Sheriff take VICTOR STRAMONDO in custody and that he be incarcerated in the Dade County Jail for a period of five (5) months and 29 days for the above acts of civil contempt and further that he may purge himself of civil contempt by the posting of a performance bond or cash in the amount of $50,000. The conditions of and/or disbursement of the bond or cash is that the bond shall be made payable to the Clerk of the Circuit Court, Dade County, Florida, and its return, payment or other disposition shall be pursuant to subsequent Court order. The defendant has evidenced a flagrant disregard for court orders and said performance bond is to insure past and future compliance with this Court’s orders and to insure that said defendant does not again interfere or impede the Receiver in the performance of his duties.
Although the court advised counsel at the commencement of the hearing that it was proceeding on a civil contempt, it is clear that the court’s sentence punished, but did not compel compliance with its orders. In Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977), the supreme court defined the differences between civil and criminal contempt and reiterated the correct procedures applicable to each form of contempt.
Our review of the proceedings conducted by the trial court has led us to conclude that the court conducted criminal contempt proceedings and imposed a criminal penalty and did not conduct a civil contempt proceeding as the court had indicated.[1] The court afforded appellant neither adequate notice to enable him to prepare a defense, Florida Rule of Criminal Procedure 3.840(a)(1),[2] nor the opportunity to be heard *860 prior to the imposition of sentence, Florida Rule of Criminal Procedure 3.840(a)(7).[3]
For these reasons, we reverse the Order of Commitment of Civil Contempt, without prejudice to the institution of criminal contempt proceedings after remand.
Reversed and remanded.

. The bond set by the court did not afford a means of purging the contempt in the manner contemplated in a civil contempt proceeding.

. Fla.R.Crim.P. 3.840(a)(1):
(a) Indirect (Constructive) Criminal Contempt. A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.

. Fla.R.Crim.P. 3.840(a)(7):
(7) The Sentence; Indirect Contempt. Pri- or to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.