484 So.2d 73 (1986)
William T. MONTGOMERY, As Personal Representative of the Estate of Kenneth W. Montgomery, Deceased, Appellant,
v.
Barbara CRIBB and Joseph A. Perez, As Co-Personal Representatives of the Estate of Vivian S. Perez, Deceased, Appellees.
No. 85-1288.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*74 Carl J. Robie, III, Sarasota, for appellant.
Jon H. Anderson, Lakeland, for appellees.
PER CURIAM.
Appellant, William Montgomery, seeks review of an order granting a motion to strike filed by appellees, Barbara Cribb and Joseph A. Perez, personal representatives of the estate of Vivian S. Perez. We reverse.
Vivian Perez died on December 15, 1982. Her will was admitted to probate and the court appointed Barbara Cribb and Joseph Perez as personal representatives of the estate. On September 26, 1983, Kenneth Montgomery, a minor, drowned in a swimming pool located on the Perez estate. His father, the appellant, filed a statement of claim against the estate for damages arising out of the allegedly wrongful death of his son. The appellees timely objected to appellant's statement of claim and the appellant filed a separate civil action. The appellees filed an answer and affirmative defenses alleging, among other things, that appellant had accepted an offer of settlement but had refused to arrange for the execution of an appropriate release. The appellees then filed a motion to enforce settlement and a motion for summary judgment.
In addition to the reasons set forth in the motion to enforce settlement, the motion for summary judgment sought relief on the basis that the sole cause of the son's death had been inadequate parental supervision, that appellant's son had not been an invitee, and that the attractive nuisance doctrine did not, as a matter of law, apply. The trial court found there existed no substantial issue as to any material fact and, on September 21, 1984, granted summary judgment in favor of the appellees. The appellant voluntarily dismissed an appeal of that order, apparently in consideration of $5000 tendered by the appellees. He later obtained new counsel who, without success, attempted to set aside dismissal of the appeal.
On November 15, 1984, appellees filed a motion for supplemental relief stating they were ready to perform the settlement agreement by tendering $5000 into the registry of the court. On March 5, 1985, the court granted the motion, thereby releasing appellees from further liability. The appellant filed, on April 11, 1985, a notice of appeal of that order. Eleven days later, the appellees filed a motion to require appellant to return their tender of $5000. Appellees alleged that in exchange for their tender of $5000, appellant had dismissed his appeal of the final summary judgment, that appellant had subsequently engaged new counsel to appeal the order granting the motion for supplemental relief, that the appellant had disavowed the settlement agreement entered into by his former attorney, and that appellant therefore had no basis for retaining the $5000. The appellant then filed a stipulation agreeing to return appellees' tender. On appeal, this court temporarily relinquished jurisdiction to the trial court for the parties to secure a final order as to the effect of appellant's release of tender. That appeal is still pending.
Meanwhile, appellees had filed, on April 22, 1985, a motion to strike appellant's claim against the estate based upon the summary judgment that had been entered. On April 23, 1985, appellant received notice that a hearing on the motion to strike would be held on April 25, 1985. Prior to the hearing, appellant filed a motion for continuance on the basis that he had not been given reasonable notice of the hearing. The trial court did not rule on appellant's motion for continuance, and following the hearing, entered an order granting appellees' motion to strike. Appellant has timely appealed that order.
Appellant contends that the court erred in ruling on the motion to strike because appellant did not receive reasonable *75 notice of the hearing. We agree. Florida Rule of Probate and Guardianship 5.041(a), provides that unless the court orders otherwise, every petition or motion for an order determining rights of an interested person shall be served on interested persons. "Interested persons" are those who reasonably may be expected to be affected by the outcome of the particular proceeding. § 731.201(21), Fla. Stat. (1985).
Florida Rule of Probate and Guardianship 5.042(c), provides that unless a motion is to be heard ex parte, a copy of the notice of the hearing on the motion must be served a reasonable length of time prior to the hearing. We find that two-day notice is not a reasonable length of time. See Reynolds v. Reynolds, 187 So.2d 372 (Fla. 2d DCA 1966); see also, Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983).
Appellees argue they were privileged to proceed ex parte in this matter because, following this court's denial of appellant's motion to set aside the voluntary dismissal of the summary judgment appeal, appellant was no longer an "interested person." We disagree. Appellant remains an "interested person" in these proceedings because an appeal is pending on an issue pertaining to his claim against the estate. Appellant, therefore, was entitled to reasonable notice, and we, accordingly, reverse the trial court's order granting the motion to strike. Upon remand, after the appellant is given reasonable notice, the court may again rule upon the motion to strike.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.