553 So.2d 1282 (1989)
Paul GORAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-928.
District Court of Appeal of Florida, Third District.
December 5, 1989.
*1283 Anthony J. Scremin, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Paul Goral from an order adjudging him guilty of indirect criminal contempt and sentencing him to sixty days in the county jail. We reverse the judgment and sentence under review because, simply stated, the procedural due process safeguards prescribed by Fla.R.Crim.P. 3.840(a)(1)-(7) were not followed in this case.
First, no order to show cause, as prescribed by Fla.R.Crim.P. 3.840(a)(1), was ever issued by the trial court below; the court-appointed receiver below filed a motion for such an order, but the trial court never ruled on this motion. Instead, the trial court proceeded to conduct a contempt hearing based on this motion without ever having previously issued an order to show cause. Contrary to the state's argument, the motion for the order to show cause cannot be treated, in itself, as an order to show cause because (a) the trial judge, and no one else, must issue such order, and (b) the order, unlike the instant motion, must be predicated on sworn proof and must apprise the defendant that he is being charged with indirect criminal contempt. Pugliese v. Pugliese, 347 So.2d 422, 425-26 (Fla. 1977); Paris v. Paris, 427 So.2d 1080 (Fla. 1st DCA 1983); Deter v. Deter, 353 So.2d 614, 617 (Fla. 4th DCA 1977).
Second, the defendant received only two actual working days notice of the contempt hearing and was therefore not afforded a reasonable time for preparation of his defense as required by Fla.R.Crim.P. 3.840(a)(1); his motion for continuance was erroneously denied below. The fact that the trial court conducted an additional hearing several days later and received more testimony does not, as urged, cure this due process error. Stramondo v. Dion, 408 So.2d 858, 859 (Fla. 3d DCA 1982).
Finally, the defendant was not afforded an opportunity to be heard prior to the imposition of sentence as required by Fla.R.Crim.P. 3.840(a)(7). The fact that the trial court stated it would later entertain a motion to mitigate the sentence does not cure this due process error. Stramondo, 408 So.2d at 859-60.
The judgment and sentence under review is therefore reversed without prejudice to the institution of proper indirect criminal contempt proceedings upon remand.
Reversed.