SHIVERS, Chief Judge.
We sua sponte consolidated two petitions for writ of certiorari. The first petition seeks to quash an order compelling the deposition of Thomas Turner. The second petition adopts and incorporates the first petition and seeks to quash an order compelling the deposition of Ellis Neder and an order compelling Neder to produce documents. We deny the petitions to review the order compelling the deposition of Turner and the order compelling Neder to produce documents. We grant the petition to quash the order compelling the deposition of Neder.
On June 18, 1990, respondents filed a motion to compel Neder to appear for deposition on July 9. A hearing on the motion was set for June 20. Respondent sent by overnight mail a notice of hearing to Ned-er, who resides in New York City. The notice arrived at Neder’s mailing address on July 19, and it stated that Neder could participate in the hearing by conference call. Neder did not appear and claims to have received the notice after the hearing. The trial court entered an order to compel on June 22.
*1043 Notice of hearing must be served a reasonable time before the hearing. Fla.R. Civ.P. 1.090(d). One day notice is not reasonable. See H. Trawick, Trawick’s Florida Practice and Procedure § 9-7 (1989 ed.). This is especially true when the recipient of the notice is in a city other than the city in which the hearing is to be held. See e.g., P & L Florida Investment, Inc. v. Ferro, 545 So.2d 448 (Fla. 3d DCA 1989).
JOANOS and ZEHMER, JJ., concur.