679 So.2d 307 (1996)
Gussie ANDERSON and Earleen James, Appellants,
v.
SUN TRUST BANK/NORTH, etc., Appellee.
No. 96-54.
District Court of Appeal of Florida, Fifth District.
August 16, 1996.
Rehearing Denied September 16, 1996.
*308 Michael D. Brown and Sonja K. Knighton of Michael D. Brown, P.A., Riviera Beach, for Appellants.
Karl V. Hart of Simmons, Hart & Sheehe, P.A., Ocala, for Appellee.
DAUKSCH, Judge.
Appellants, Gussie Anderson and Earleen James, appeal an award of guardianship fees and costs to appellee, Sun Trust Bank/North Central Florida, f/k/a Sun Bank of Ocala. Appellants contend that appellee failed to serve its notice of hearing on its petition for fees and costs within a reasonable time. The record shows that appellee served its notice of hearing by facsimile on December 18, 1995. The hearing was scheduled for December 22nd. Florida Probate Rule 5.042(c) requires that a copy of any written petition or motion which cannot be heard ex parte and a copy of the notice of hearing pertaining thereto be served a reasonable time before the time specified for the hearing. In Montgomery v. Cribb, 484 So.2d 73 (Fla. 2d DCA 1986), the only case which interprets this rule, the court held that two days notice for a hearing on a motion to strike a claim against an estate based upon a summary judgment was inadequate.
We agree with appellants that four days notice for a hearing scheduled out of town is unreasonable. See Turner v. Greyhound Financial Corp., 567 So.2d 1042 (Fla. 1st DCA 1990) (notice of hearing of deposition served one day before hearing insufficient particularly where recipient of notice lived in a city other than city in which hearing was to be held); P & L Florida Inv. Inc. v. Ferro, 545 So.2d 448 (Fla. 3d DCA 1989) (mailed notice of hearing on May 11th to counsel in West Palm Beach for hearing on motion for sanctions scheduled in Miami on May 17th insufficient). See also Somerville v. Reusser, 649 So.2d 339 (Fla. 5th DCA 1995) (notice of telephonic hearing on motion to compel visitation faxed to appellant one hour and a half before hearing inadequate); Matter of Adoption of Baby James Doe, 572 So.2d 986 (Fla. 1st DCA 1990) (notice of hearing on appellant's objection to adoption provided two days before hearing insufficient); Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988) (notice of hearing on former husband's contempt motion hand delivered on morning of hearing insufficient). But see Barnett Banks Trust Co., N.A. v. Titusville Associates, Ltd. By & Through Levitt, 560 So.2d 1337 (Fla. 1st DCA 1990), approved, 591 So.2d 609 (Fla. 1991) (notice of hearing on motion for summary judgment served ten days before hearing timely). See, e.g., Russ v. State, 622 So.2d 501 (Fla. 5th DCA 1993), rev. den., 634 So.2d 626 (Fla.1994) (contempt hearing held less than two days after service of order to show cause insufficient); Goral v. State, 553 So.2d 1282 (Fla. 3d DCA 1989) (two working days notice of contempt hearing insufficient to afford defendant reasonable time to prepare defense).
Appellants contend additionally that appellee failed to comply with section 744.108(5), Florida Statutes (1995). That section requires that a petition for guardian's and attorney's fees and costs be accompanied by an itemized description of the services performed for the fees and costs sought to be recovered. See also Jones v. Dunning, 661 So.2d 941 (Fla. 5th DCA 1995).
Appellee alleged in its petition for fees and costs that it had rendered services in the amount of $18,173.78 and incurred costs in the amount of $8,006.08 from August 25, 1994 through December 1, 1995. Exhibit A, attached to its petition, contains a fees schedule showing payment by appellee of an administrative fee and seventeen monthly payments to itself. Appellee also alleged that costs of $8,006.08 were incurred from monthly overdrafts as shown in the annual accounting. It further alleged:
... Because of the voluminous nature of the monthly statements, petitioner has not attached such to this petition, but will produce such at the hearing on this matter, and will allow any interested party to review them at the office of petitioner's counsel prior to the hearing.
Appellee contends on appeal that it would be cumbersome to require it to attach to its petition voluminous documentation of fees and costs when the information has already been provided in the annual accounting.
*309 We find that appellee's petition and Exhibit A attached thereto are insufficient to comply with the mandatory requirement of section 744.108(5). Neither document provides the trial court with any information pertaining to appellee's rendition of guardian's services for the ward.
Accordingly, the trial court's order awarding appellee guardianship fees and costs is reversed. This appeal was caused by the attorney for appellee not giving proper notice and not providing adequate documentation when he was aware of the need for both. For this reason no fees for appellee or its attorney is assessable against the estate for this appeal or for the work necessary to comply with this opinion, should appellee again seek to receive the fees.
REVERSED.
GRIFFIN and THOMPSON, JJ., concur.