682 So.2d 635 (1996)
Jack D. HARRELD, Appellant,
v.
Katherine L. HARRELD, Appellee.
No. 95-01444.
District Court of Appeal of Florida, Second District.
November 1, 1996.
Stann W. Givens of Knox and Givens, P.A., Tampa, for Appellant.
Mark A. Neumaier, Tampa, for Appellee.
RYDER, Acting Chief Judge.
Jack Harreld challenges both the final order dissolving his marriage to Katherine Harreld and an order finding him in contempt, contending that he did not receive *636 adequate notice of the hearing that resulted in the entry of the orders. He also contests the order of dissolution on the basis that it does not contain the statutorily required findings of fact to support the equitable distribution of the parties' assets and the award of alimony to his wife. We find merit in both his contentions, and reverse.
On Friday, December 2, 1994, the wife served the husband at his business address, by mail and by fax, with her motion for contempt and a combined notice of hearing on her petition for dissolution and the contempt motion. The hearing was set for Tuesday, December 6, 1994. At the time, Mr. Harreld was not represented by counsel and lived in Memphis, Tennessee. We know that the former husband received the motion for contempt because on December 3, 1994, he served his "motion for continuance and response to petitioner's motion dated 12/2/94." The motion did not specifically mention the hearing scheduled for December 6th, but referred to the husband's previous request for continuance of the pretrial conference, filed November 28, 1994, and asked the court "for a continuance in these matters to allow sufficient time to prepare adequate response for the motions filed...." The husband claimed, in a sworn motion filed after his notice of appeal, that he never received the combined notice of hearing.
Florida Rule of Civil Procedure 1.090(d) requires that notice of a hearing "be served a reasonable time before the time specified for the hearing." While there are no hard and fast rules about how many days constitute a "reasonable time," the party served with notice must have actual notice and time to prepare. State Dept. of Transp. v. Plunske, 267 So.2d 337, 339 (Fla. 4th DCA 1972).
We understand the trial court's frustration with the husband in this case. The court has entered at least three orders of contempt against him for failure to pay temporary alimony and failure to provide discovery. The husband had, however, asked the court for a continuance of the pretrial conference so that he might obtain local counsel. Apparently, the court never ruled on this motion. Even if we assume Mr. Harreld received the notice of hearing by fax on December 2, 1994, we hold the lower court abused its discretion in finding that he had adequate notice of the proceedings on December 6, 1994. While we do not draw a bright line as to what amount of notice is reasonable, we hold that two working days' notice of a contested final hearing in a dissolution action where the husband resides outside the state and is not represented by counsel is insufficient. See Anderson v. Suntrust Bank/North, 679 So.2d 307 (Fla. 5th DCA 1996) (four days notice of hearing not sufficient for an award of guardianship fees and costs).
Because our reversal will result in a hearing and new final order of dissolution in this matter, we will also discuss the deficiencies in the present order. Section 61.075, Florida Statutes (1993), addresses the equitable distribution of marital assets and liabilities. It requires the trial court to "begin with the premise that the distribution should be equal...." § 61.075(1), Fla.Stat. (1993). The final judgment here awards all the marital assets, except one-half of any pension the husband may have, to the wife. In order to justify a departure from the statute's instruction that the distribution be equal, the trial court must analyze all relevant factors, including the ten set out in section 61.075(1)(a) through (j). The court must provide a legally sufficient factual basis for its distribution in the final judgment. Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994). The only finding in the final order here that could be read as an explanation of the court's unequal distribution of the assets is that "the husband, in direct violation of this Court's Order has liquidated numerous items of marital property, including stocks and life insurance policies." See § 61.075(1)(i), Fla.Stat. (1993). The court, however, did not specifically state this was the reason it was distributing the marital assets unequally. Moreover, the final judgment awards all the liquidated assets, or their proceeds, to the wife.
A related problem with the equitable distribution in the present order is that the court did not value the assets. Under section 61.075(3)(b), Florida Statutes (1993), *637 it must include specific written findings about the identity and value of the parties' significant assets. See also Lavelle. Such findings are necessary for intelligent appellate review. Reich v. Reich, 652 So.2d 1200, 1202 (Fla. 4th DCA 1995). The court's failure to make findings in this case, particularly concerning the allegedly improperly liquidated assets, which are only vaguely described as stocks and life insurance policies and are not listed on either party's financial statement, makes meaningful appellate review impossible. See Plyler v. Plyler, 622 So.2d 573, 574 (Fla. 5th DCA 1993). Moreover, the husband contends the court failed to distribute certain assets identified on his financial statement. On remand, we direct the lower court to reconsider the equitable distribution. When the court enters a new final order of dissolution, it must make specific findings about the identity and value of all the significant marital assets and liabilities. We further direct that if the court again distributes the assets unequally, it make specific findings supporting its reasons for doing so. See § 61.075(1)(a)(j), Fla.Stat. (1993).
The award of alimony to Mrs. Harreld in the present final order suffers from the same lack of factual findings. A trial court "shall include findings of fact relative to the factors enumerated in [section 61.08(2)] supporting an award or denial of alimony." § 61.08(1), Fla.Stat. (1993); see also Donsky-Levine v. Levine, 658 So.2d 1023, 1025 (Fla. 4th DCA 1995). On remand, the trial court must support any decision concerning alimony with the statutorily required factual findings.
We also hold that the notice for the hearing on the motion for contempt was insufficient. See Goral v. State, 553 So.2d 1282 (Fla. 3d DCA 1989) (two working days' notice of contempt hearing does not afford the defendant a reasonable time to prepare his defense). Accordingly, we also reverse the contempt order. The husband, however, did not appeal the previously entered orders of contempt, which were based on his failure to pay temporary alimony and other costs, and those remain in effect. We remind the lower court that the husband cannot be jailed for contempt without notice and a hearing on his ability to pay. Haymon v. Haymon, 640 So.2d 1204 (Fla. 2d DCA 1994).
Reversed and remanded for proceedings consistent with this opinion.
PATTERSON, J., and KHOUZAM, NELLY N., Associate Judge, concur.