774 So.2d 61 (2000)
Nicholas CREPAGE, Appellant,
v.
CITY OF LAUDERHILL, Florida, Appellee.
No. 4D99-3271.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
Rehearing Denied January 17, 2001.
*62 Michael J. Rocque of Michael J. Rocque, P.A., Fort Lauderdale, for appellant.
Janine R. Kalagher of Conrad & Scherer, Fort Lauderdale, for appellee.
TAYLOR, J.
Nicholas Crepage appeals from an order finding probable cause for the City of Lauderhill's seizure and confiscation of his vehicle under the Florida Contraband Forfeiture Act. Appellant contends that the city's failure to provide him with reasonable notice of the adversarial probable cause hearing constituted a fundamental denial of due process. We reverse and remand for a new probable cause hearing with proper notice to appellant.
On July 30, 1999, two Lauderhill police officers were stopped at a red light next to appellant, who was driving a 1992 Chevrolet Camaro. According to the officers' testimony, they saw appellant holding at eye level a large clear plastic bag containing a green leafy substance. Appellant appeared to be smelling the contents of the bag. Based upon their training and experience, the officers believed the substance to be marijuana. They pulled their undercover vehicle behind appellant and conducted a traffic stop. After questioning appellant about the presence of any contraband or weapons in his vehicle, the officers obtained his consent to search the vehicle and his person. Their search revealed a plastic bag containing approximately 471.5 grams of marijuana located on the rear floor board of the vehicle. Appellant was arrested and his vehicle was towed to the Lauderhill Police Department.
On August 2, 1999, the City of Lauderhill ("city") sent a notice of forfeiture of the subject vehicle to appellant by certified mail pursuant to section 932.703(2)(a), Florida Statutes (1999). The notice advised appellant that he had a right to an adversarial preliminary hearing to determine whether probable cause existed to believe that his vehicle was used in violation *63 of the Florida Contraband Forfeiture Act. It further notified appellant that he could request such a hearing within fifteen days of receipt of the notice. On August 17, 1999, appellant, through counsel, sent a Notice of Claim and Request for Adversarial Preliminary Hearing to the city by certified mail. On August 25, 1999, the city filed a forfeiture complaint and verified supporting affidavits pursuant to sections 932.701 through 932.704, Florida Statutes. On the same date, at approximately 10:00 a.m., the city faxed a notice of hearing to determine probable cause to appellant's attorney. The faxed notice, which was not actually received by appellant's counsel until 3:00 p.m. on August 25, advised that the probable cause hearing was set for the next day, August 26, 1999, at 1:30 p.m. The notice of hearing did not include a copy of the forfeiture complaint and verified affidavits.
On August 26, 1999, the trial court held the adversarial preliminary hearing as scheduled. Appellant's counsel appeared on his behalf and protested that he was not given adequate notice of the hearing. He further complained that he was not served with or given a "courtesy copy" of the complaint and supporting affidavits prior to the hearing. Consequently, he argued, he was unable to adequately prepare and fairly present his case. The trial judge rejected both arguments and proceeded with the hearing.
After hearing the testimony of the officers who arrested appellant and seized his vehicle, the court found probable cause to seize and confiscate the vehicle. The court denied the defense motion to suppress the evidence based on unlawful search and seizure grounds and the motion to dismiss the forfeiture action on grounds of due process violations. On appeal, appellant argues that the trial court denied his fundamental right to procedural due process by going forward with the probable cause hearing when he had not been given reasonable notice and a fair and meaningful opportunity to be heard.
Under the Florida Contraband Forfeiture Act, a person with standing has the right to litigate the issue of probable cause at an adversarial preliminary hearing. See City of Fort Lauderdale v. Baruch, 718 So.2d 843 (Fla. 4th DCA 1998). If an adversarial preliminary hearing is requested, the seizing agency must set and notice the hearing, which must be held within ten days after the request is received or as soon as practicable thereafter. § 932.703(2)(a), Fla. Stat. An unreasonable delay between the claimant's request for a hearing on probable cause and occurrence of the actual hearing constitutes a denial of due process. See State Dep't. of Highway Safety and Motor Vehicles v. Metiver, 684 So.2d 204 (Fla. 4th DCA 1996)(affirming dismissal of forfeiture complaint where there was a five-day delay between the tenth day after the hearing was requested and the date hearing was held); Cochran v. Harris, 654 So.2d 969 (Fla. 4th DCA 1995)(affirming dismissal of forfeiture proceedings because of a 23-day delay).
The city argues that it strictly complied with the procedures set forth in the Florida Contraband Forfeiture Act and provided appellant with reasonable notice of the adversarial preliminary hearing. The city points out that Cochran places the burden upon the seizing agency to ensure that the preliminary hearing take place within the time requirements of the statute. 654 So.2d at 971. The city explains that it was attempting to meet the statute's 10-day provision by setting the hearing for August 26, 1999 (appellant requested a hearing on August 17, 1999). Further, the city asserts that there is no specific notice period provided in the statute, and that, given the preliminary and limited nature of the proceedings, twenty-four hours was reasonable notice of the adversarial preliminary hearing.
While it is true that the forfeiture statute does not specify a period for prior notice of the adversarial preliminary hearing, procedural due process requirements *64 of the Florida Constitution contemplate that a claimant be given "fair notice and afforded a real opportunity to be heard and defend in an orderly procedure before judgment is rendered against him." Department of Law Enforcement v. Real Property, 588 So.2d 957, 959 (Fla.1991). See also Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, rehearing denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). In Real Property, the Florida Supreme Court, upon noting the absence of clearly established procedures in the forfeiture statute, announced procedures to be followed thereafter in civil forfeiture cases to satisfy due process requirements. These procedures were drawn from various appellate court decisions interpreting the statute. 588 So.2d at 966. The court held that the Florida Rules of Civil Procedure would control the procedural aspects of forfeiture proceedings unless otherwise provided. Id.; Golon v. Jenne, 739 So.2d 659, 662 (Fla. 4th DCA 1999). Thus, the determination of what constitutes reasonable notice is governed by the due process clause, as well as by Florida Rule of Civil Procedure 1.090(d).
Rule 1.090(d) provides that notice of a hearing "be served a reasonable time before the time specified for the hearing." "While there are no hard and fast rules about how many days constitute a `reasonable time,' the party served with notice must have actual notice and time to prepare." State Dep't. of Transp. v. Plunske, 267 So.2d 337, 339 (Fla. 4th DCA 1972); Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996). Courts have not hesitated in finding notice violations when important interests were at stake. See, e.g., Harreld, 682 So.2d at 636 (two days' notice of hearing on motion to hold nonresident husband in contempt was not notice given a "reasonable time" prior to hearing); Anderson v. Sun Trust Bank/North, 679 So.2d 307 (Fla. 5th DCA 1996)(four days notice of hearing not sufficient for an award of guardianship fees and costs); Henzel v. Golstein, 349 So.2d 824 (Fla. 3d DCA 1977)(one working day's notice of hearing on motion to dismiss inadequate). See also Reynolds v. Reynolds, 187 So.2d 372, 373 (Fla. 2d DCA 1966)(one day notice of hearing on order to show cause constitutes due process violation).
In arguing that the 24-hour notice was reasonable and not a denial of due process, the city relied upon J.B. v. Department of Children and Family Services, 734 So.2d 498 (Fla. 1st DCA), rev. granted, 749 So.2d 503 (Fla.1999). However, J.B. was recently quashed by the Florida Supreme Court. J.B. v. Florida Dep't of Children and Family Services, 768 So.2d 1060 (Fla. 2000). The supreme court held that 24-hours notice of an advisory hearing in an action to terminate the father's parental rights was insufficient to satisfy minimum due process requirements under the State and Federal Constitutions. In that case, because the natural father failed to appear at an advisory hearing, the trial court entered a consent to the termination on his behalf. At an adjudicatory hearing held later, the trial court denied the father's request to set aside the consent. On appeal to the First District Court of Appeal, the father contended that he was denied the right to due process of law because he had only received twenty-four hours' notice of the advisory hearing. Although the first district agreed that the notice should have been served further in advance, it nevertheless concluded that it was sufficient to meet minimum due process requirements. J.B., 734 So.2d at 499. The court reasoned that the advisory hearing was merely a preliminary step in the process, at which no right was finally adjudicated. The father was not required to prepare for the hearing or to retain counsel in advance; all that was required of the father was to appear at the hearing or to inform the court of his need for postponement. Because of the advisory nature of the hearing, the district court concluded that the notice in J.B. was adequate.
*65 The supreme court disagreed, because the advisory hearing in J.B., which resulted in the trial court's entry of a consent by default upon the father's non-appearance, was in effect a de facto adjudicatory hearing. Given the fundamental rights involved and circumstances showing that such short notice was not necessitated by any emergency or potential danger to the children and that the only issue the father was able to address during appeal was his failure to attend the advisory hearing, the court concluded that the father did not receive a meaningful opportunity to contest the termination of parental rights issue. The court recognized that section 39.466(1), Florida Statutes (1995), requires that advisory hearings in parental rights termination proceedings be held "as soon as possible after all parties have been served." However, the court held that it was required to construe this statute as requiring constitutionally reasonable notice consistent with due process guarantees. J.B., 768 So.2d at 1068.
The city's reliance upon the first district's opinion in J.B. is misplaced, in any event, because the district court acknowledged that more notice would have been required for a hearing requiring more preparation. Unlike an advisory hearing or status conference, the adversarial preliminary hearing held in this forfeiture case was a contested evidentiary hearing, requiring more time for preparation. As the district court in J.B. stated:
Procedural due process is not evaluated by fixed rules of law, but rather by the requirements of a particular proceeding... The amount of notice, like other components of procedural due process, depends on the nature of the proceeding. For example, the amount of notice that is necessary to provide a meaningful opportunity to be heard is not the same for an evidentiary hearing as it is for a status conference. The opportunity to be heard at an evidentiary hearing requires time to secure the attendance of witnesses and to prepare for the presentation of evidence and argument.
Id. at 500.
The proceeding here was not just an advisory hearing or a status conference. It was an evidentiary hearing, requiring the attendance of witnesses and production of affidavits, documents, and other evidence. At an adversarial preliminary hearing in forfeiture cases, the claimant has the right to challenge the legality of a stop and raise other Fourth Amendment issues in determining whether there was probable cause for forfeiture. See Golon v. Jenne, 739 So.2d 659 (Fla. 4th DCA 1999)(validity of the stop and search are inextriably bound up with the probable cause determination required by the Act); Indialantic Police Dep't. v. Zimmerman, 677 So.2d 1307 (Fla. 5th DCA 1996)(in vehicle forfeiture proceeding owner was entitled to cross-examine officer on Fourth Amendment issues). Thus, the claimant must be given reasonable notice and adequate time to prepare for examining his or her witnesses and cross-examining the government's witnesses. While we do not draw a bright line as to what amount of notice is reasonable, we hold that twenty-four hours' notice of an adversarial preliminary hearing, where suppression issues are likely to be litigated, is insufficient.
Appellant also contends that he was denied a meaningful opportunity to be heard and fairly present his defense because he was not furnished a copy of the forfeiture complaint and supporting affidavits prior to the adversarial preliminary hearing. Appellant cites to section 932.703(2)(c), Florida Statutes (1999), which provides that when an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take testimony to determine whether probable cause exists to believe that the property was used in violation of the Florida Contraband Act. Appellant argues that because the statute requires the court to consider the verified affidavits and other *66 documents at the adversarial preliminary hearing, the seizing agency is required to file the complaint and verified affidavits before the adversarial preliminary hearing, and he is entitled to be served with them to fairly "defend the case" and effectively argue his suppression motion.
The city responds that the forfeiture statute does not require it to file or serve the forfeiture complaint and verified affidavits prior to the adversarial preliminary hearing. Under section 932.704(4), Florida Statutes, the seizing agency must file the complaint within forty-five (45) days after seizure. The city acknowledges that in this case it filed the complaint and affidavits the day before the adversarial preliminary hearing, but suggests that this was merely coincidental and did not impose any additional notice obligations upon it. We can find no requirement in the statute or case law that expressly or impliedly imposes an obligation on the agency to serve the complaint and affidavits before the adversarial preliminary hearing. However, where, as here, the government has actually done so, and the documents are provided to the court for review at the hearing, it seems only fair and consistent with due process principles that "a person entitled to notice" be served with these documents as well.
We agree with appellant that he was denied his right to procedural due process because he was not given reasonable notice of the adversarial preliminary hearing. The city's need to "fast track" the proceeding to meet the ten-day requirement set forth in 932.703(2)(a) is not an extraordinary circumstance excusing it from providing constitutionally reasonable notice consistent with due process guarantees. J.B., 768 So.2d at 1066-67 (citing Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992)); Department of Law Enforcement v. Real Property, 588 So.2d 957, 959-60 (Fla.1991). Accordingly, we reverse the trial court's order and remand for a hearing following proper notice to appellant.
REVERSED and REMANDED for proceedings consistent with this opinion.
GROSS, J., concurs. STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm the probable cause finding. As I see it, Appellee complied with the statute and, given the circumstances, Appellant received sufficient notice to pass constitutional muster. The hearing was instituted by Appellant's demand and was required to be held within ten (10) days of his request; the hearing was set on the ninth day. There is no evidence of misconduct by Appellee with respect to the notice. Appellant's attorney appeared and participated. Counsel has had the opportunity to prepare a challenge to the anticipated showing of probable cause since being retained, or at least since making the demand for a hearing.