PER CURIAM.
John Segro (“Segro”) was declared to be the father of appellant Lisa Walker’s (<fWalker”) child in a 1996 judgment of paternity. He was denied any visitation because of criminal problems, some of which involved drug addiction.
In response to a petition to adopt filed by the child’s stepfather, Segro scheduled a hearing on his petition to modify parental responsibility and establish visitation for November 8, 2002. The hearing was cancelled by the judge due to unavailability. On November 14, Segro’s counsel rescheduled the hearing for 2:30 p.m. on November 18, and faxed the only notice of this hearing to Walker’s counsel at 2:26 p.m. Walker’s counsel faxed a response to Segro’s counsel the following day objecting to the short notice, citing her inability to contact Walker and preexisting family obligations on the afternoon of the hearing. The judge was aware of this objection. At hearing, the judge entered a temporary' visitation order. Walker moved to set aside the order, the motion was denied, and this appeal ensued.
Under Florida Rule of Civil Procedure 1.090(d), which applies to family law matters through Florida Family Law Rule of Procedure 12.090, notice of a hearing on a motion “shall be served a reasonable time before the time specified for the hearing.” There is no clearly delineated definition of reasonable time, but the notice requirement envisions at a minimum, actual notice and time to prepare. Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996). The Harreld court considered the four days notice given by mail and fax to the husband prior to a final dissolution hearing, and concluded that such was not reasonable notice. Id. The court held that two working days’ notice, notice on Friday *466 for a Tuesday hearing, was insufficient prior to such an important hearing, especially considering that the husband did not reside in Florida. Id.
The present situation is similar to that in Harreld. Here, Walker also received four days notice of the permanent visitation hearing by fax, notice of which also spanned a weekend from Thursday to Monday. Walker’s counsel would also have had at best two working days to prepare for the important hearing.[1] Additionally, the situation was similarly complicated by the fact that counsel was having difficulty contacting Walker to notify her of the hearing and would be forced to rearrange her busy schedule on short notice to accommodate the hearing. Therefore, we hold that the notice given by Segro to Walker was insufficient under the standard set by Rule 1.090(d).
Even if the notice considered alone was not insufficient, one key difference exists between Harreld and the present case— the notice was not properly served on Walker in the first instance. Florida Rule of Civil Procedure 1.080(a) states that service is required for every “other paper” filed in an action. The term “other paper” encompasses notices of motion hearings. HenRY P. Trawicic, JR., Florida Practice and Procedure § 9-7 (1999 ed.). Therefore, Rule 1.080(b) applied to Segro’s service of the notice of hearing on Walker. This rule explicitly requires that when a paper is served by facsimile, “a copy shall also be served by any other method permitted by this rule,” including mail, as in Harreld, and hand delivery. There is no evidence in the record that Segro’s attorney served any other form of notice of the hearing, and consequently, Segro violated this rule.
In sum, the temporary visitation order is reversed and remanded due to insufficient and improperly served notice of the motion hearing that violated Walker’s due process rights. Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So.2d 901, 903 (Fla.1981) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
GUNTHER, KLEIN and TAYLOR, JJ., concur.

. The hearing can be characterized as important because it focused on the hotly contested issue of visitation between the parties. At the time of the hearing, Segro had no visitation rights.