968 So.2d 716 (2007)
Johnny PARHAM, Jr., Appellant/Cross-Appellee,
v.
Laura PARHAM, Appellee/Cross-Appellant.
No. 2D07-420.
District Court of Appeal of Florida, Second District.
November 28, 2007.
Bart Schneider, Orlando, for Appellant/Cross-Appellee.
Jean Marie Henne, Winter Haven, for Appellee/Cross-Appellant.
WHATLEY, Judge.
Johnny Parham, Jr., the husband, appeals a final judgment of dissolution of marriage, arguing that the circuit court erred in awarding most of the marital assets to Laura Parham, the wife, without providing a factual basis to support the *717 award and that the circuit court erred in awarding the wife permanent alimony. We affirm the alimony award without discussion, but we reverse the equitable distribution portion of the final judgment.
Section 61.075(1), Florida Statutes (2005), provides that, in distributing marital assets and liabilities, a court "must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors. . . ."[1] In a final judgment, a court must provide a legally sufficient factual basis to support an unequal distribution of marital assets. Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996).
In the present case, the circuit court acknowledged that normally there is a presumption in favor of an equal distribution, but it went on to state that it was awarding an unequal distribution "given the unique factors in this case. . . ." However, the court did not explain which factor or factors supported the unequal distribution. In Harreld, 682 So.2d at 636, this court noted that the circuit court made a factual finding that could support an unequal distribution, but it held that the circuit court's failure to specifically state that this factual finding was the reason it was distributing the assets unequally required reversal. See Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003) ("[T]he trial court erred by awarding the marital home, a major asset, without making a specific finding of fact to justify the unequal distribution."). In reversing the equitable distribution, we note that the circuit court is not precluded from awarding an unequal distribution of assets on remand. "Rather, the court must specifically address the facts pertinent to each statutory consideration to support its decision to distribute the marital assets in an unbalanced manner, if that should be the trial court's ultimate determination." Id.
Accordingly, we reverse that portion of the final judgment distributing the parties' marital assets. On remand, the circuit court may revisit the final judgment without holding further hearings, unless the court concludes that it cannot comply with the statute without taking additional evidence. The remaining portions of the final judgment dissolving the parties' marriage are affirmed.
Affirmed in part, reversed in part.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] Section 61.075(1) lists several factors which could justify an unequal distribution of assets.