970 So.2d 893 (2007)
LEGAL EXPERTS, PL, Appellant,
v.
Robin TRYZBIAK and Sydney Tryzbiak, et al., Appellees.
No. 5D07-1924.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
Gary E. Doane, of Legal Experts, PL, Orlando, for Appellant.
William E. Ruffier, of Dellecker Wilson King McKenna & Ruffier, A Limited Liability Partnership, Orlando, for Appellees.
GRIFFIN, J.
Legal Experts, P.L., a professional liability company for attorney Gary E. Doane ["Doane"], appeals the trial court's order, which compelled Doane to deliver a former client's file to new counsel for the client and to bear the costs of copying that file.
Doane had represented Robin Tryzbiak ["Plaintiff"] for a period of time in the suit underlying this dispute. Doane eventually withdrew from his representation of Plaintiff, and Plaintiff retained Attorney William E. Ruffier to represent her in the suit.
On March 2, 2007, Doane sent Ruffier a letter. In this letter, Doane said that he was asserting a lien for his fees and costs against Plaintiff, secured by his file in her case. In relevant part, Doane's letter went on to state:

*894 I wish you the best of luck and you are welcome to the original file upon my receipt of the following
The signed Closing Statement.
A letter from you agreeing to protect my fees and costs incurred to date. As I am agreeable to being paid these amounts when the case closes, you may insert that into your letter.
. . . .
However, be advised that until there is an adequate provision for the payment of my lien for fees and costs the file is not leaving my office.

(Emphasis added.) On March 19, 2007, Ruffier sent Doane a letter, in which he confirmed that he had agreed to protect Doane's fees and costs.[1] He also asked to be provided with the "closing statement" that Doane wanted signed. By about April 26, 2007, that too had been signed and sent to Doane.[2]
On May 1, 2007, Doane's paralegal sent Ruffier's paralegal a letter, accompanied by two invoices. In relevant part, this letter stated:
Please find enclosed two invoices from American Reprographics for copies of [Plaintiff's] file. The invoices for the services rendered total $2,436.02. Please forward payment with the courier when picking up the file.
The appendices attached to the appellate briefs do not explain why Doane copied Plaintiff's file after promising the original file. However, in his initial brief, Doane asserts:
Attorney Ruffier requested a copy of the file from [Doane]. He was advised that he was free to copy the file or that a copy would be made and provided to him at his expense. He elected for [Doane] to provide the copy and the file was delivered to a copy service. Upon return from the copy service the bill was provided to attorney Ruffier. He refused to pay it. [Doane] refused to provide the copy to him until he paid the bill.
In the Answer Brief, Ruffier contends that the above quoted statement is untrue and that he never requested a copy. He wants the original file.
On about May 2, 2007, Plaintiff filed a motion to compel the case file from Doane. That same day, Ruffier's paralegal called Judge Nelson's judicial assistant for available motion hearing times. The judicial assistant told Ruffier's paralegal to call defense counsel and coordinate the hearing date. Ruffier's paralegal coordinated a hearing time with counsel for the defendants in the underlying suit, but even though the motion and hearing concerned only Doane, she apparently made no effort to coordinate the hearing time with Doane. Ruffier's paralegal informed Judge Nelson's judicial assistant that defense counsel agreed to a 10 a.m., May 4, 2007, hearing time.
After 5 p.m. that same day, Ruffier's office faxed Doane's office a copy of the Notice of Hearing. Doane claims that he did not receive the motion and notice till May 3, 2007. On the morning of May 3, 2007, Ruffier's paralegal called Doane's office *895 and confirmed that the Notice of Hearing had been received. That afternoon, Doane's office called Ruffier's office and said that he had a conflict with the hearing time. Ruffier refused to cancel the hearing.
On May 4, 2007, at 9:18 a.m., Doane faxed to Judge Nelson an "Objection to Hearing on Motion to Compel File from Former Attorney." The hearing on the motion proceeded ex parte, and it is not clear whether Judge Nelson was aware of Doane's objection prior to the hearing. In any case, that same day, the trial court issued an order granting Plaintiff's motion to compel the file and requiring Doane to "deliver [Plaintiff's] entire file to William E. Ruffier no later than Friday, May 4, 2007 at 4:00 p.m." The court ruled "[t]hat the costs to copy the file shall be the responsibility of Gary Doane." Doane subsequently delivered to Ruffier the copy of the case file. Doane also filed a motion for rehearing, but before the trial court issued an order on Doane's motion for rehearing, Doane filed this appeal.
Based on the record before us, we have no quarrel with the substance of the appealed order, but we are bound to agree with Doane that he was not given adequate notice of the hearing on the motion to compel and was deprived of his opportunity to be heard on his claim that Ruffier requested a copy of the file and agreed to pay for it. Absent consent of counsel or some exigent circumstances not present here, twenty-four hours' notice of a hearing on a contested issue is insufficient to meet the demands of procedural due process or the requirements of Florida Rule of Civil Procedure 1.090(d).
Rule 1.090(d) provides that "[a] copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing." "While there are no hard and fast rules about how many days constitute a `reasonable time,' the party served with notice must have actual notice and time to prepare." See Klinker v. Klinker, 712 So.2d 850 (Fla. 5th DCA 1998). See also Crepage v. City of Lauderhill, 774 So.2d 61, 64 (Fla. 4th DCA 2000); Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996). Accordingly, we vacate the appealed order and remand for a hearing after reasonable notice to both affected parties.
Order VACATED and REMANDED.
THOMPSON and PLEUS, JJ., concur.
NOTES
[1] Specifically, in his March 19, 2007 letter, Ruffier wrote:

I do need the complete file to effectively represent [Tryzbiak] in this case, and have told you that I am willing to protect your costs and your fee. As I understand you have filed a lien in the case, and we would certainly have that heard before distributing any funds recovered.
In a letter dated March 21, 2007, Doane acknowledged receipt of Ruffier's March 19, 2007 letter.
[2] Doane agrees that he received the signed closing statement from Plaintiff.