GRIFFIN, J.
A.C., C.M., T.M., D.O., and P.W. [collectively “Petitioners”] seek a writ of certio-rari directed to similar custody orders issued after each failed to appear at their adjudicatory hearing, the date of which was advanced by the court and of which they were unaware.
All of the children had trial dates scheduled for either July 20, July 23, or July 28, 2009. All were represented by the public defender and all were given notice of these dates at their arraignments, which occurred in May. According to the Petition, sometime after the arraignments, thousands of cases were reassigned from one of the four juvenile divisions in the Ninth Judicial Circuit in Orange County which had been eliminated at the beginning of 2009. Because a backlog of juvenile cases continued to build, a senior judge was scheduled to run an additional docket during the week ending June 26, 2009, and the clerk was charged with scheduling hearings on that docket for that week. Petitioners assert that the clerk failed to assign cases and when it was belatedly discovered that no cases had been assigned to the extra docket as they should have been, the administrative judge decided to reassign to that docket cases that had already been set for trial at a later time. Petitioners’ cases were among those reassigned cases. Petitioners contend that their attorneys had insufficient time to notify them of the earlier trial dates, or to prepare for them.
According to Petitioners, a stack of orders, dated June 12, 2009, resetting juvenile trials for the week ending June 26, 2009, was received by the Office of the Juvenile Public Defender at the end of the day on Tuesday, June 16, 2009. P.W.’s trial was reset to June 24. A.C., C.M., T.M., and D.O. were all ordered to appear for trial on June 26. All of them failed to appear on these dates and, despite counsel’s objection, the trial court issued custody orders for all of them for their failure to appear.[1]
Petitioners argue that they were arrested and jailed upon unlawful orders and that the harm to them will be compounded as the failure to appear is memorialized in their juvenile record and assessed as a risk factor, which adds points toward a threshold that will determine whether they are jailed in future proceedings. See § 985.255(l)(g)(l) Fla. Stat. (2009).
The transcript in all of Petitioners’ cases revealed that they lasted no more than two to three minutes, that counsel requested *828 that a custody order not be issued, objected to the case being reset with such short notice, informed the court that he or she had not been able to contact Petitioners and asked that the original trial date be restored. In each case, the court concluded that notice was reasonable and that if Petitioners did not receive notice, it was due to his or her own failure to keep in touch with his or her counsel.
There is no rule of juvenile procedure that speaks specifically to service of orders resetting trials or the amount of notice required when a trial is reset. Petitioners assert that notice given only to their counsel was not “reasonable notice” as is required by rule 8.100(f). The State contends that service upon counsel is all that is required and that twelve days is a reasonable amount of time under rule 8.100(f). We agree that service on counsel for the juveniles[2] is sufficient, but we disagree that the time allowed for notice of the advancement of the trial dates was sufficient. Subsection (c) of rule 8.085 provides that notices of hearings shall be served a “reasonable time” before the time specified for the hearing. “While there are no hard and fast rules about how many days constitute a ‘reasonable time,’ the party served with notice must have actual notice and time to prepare.” Crepage v. City of Lauderhill, 774 So.2d 61, 64 (Fla. 4th DCA 2000) (quoting Harreld v. Har-reld, 682 So.2d 635, 636 (Fla. 2d DCA 1996)); State Dep’t of Transp. v. Plunske, 267 So.2d 337, 339 (Fla. 4th DCA 1972). Although general time parameters are usually recognized, what constitutes “reasonable notice” will necessarily depend on the interests at stake. See, e.g., J.B. v. Dep’t of Children & Family Servs., 734 So.2d 498 (Fla. 1st DCA), rev. granted, 749 So.2d 503 (Fla.1999), decision quashed on other grounds, J.B. v. Florida Dep’t of Children & Family Services, 768 So.2d 1060 (Fla.2000); Harreld, 682 So.2d at 636; Anderson v. Sun Trust Bank/North, 679 So.2d 307 (Fla. 5th DCA 1996); Montgomery v. Cribb, 484 So.2d 73, 74 (Fla. 2d DCA 1986); Henzel v. Golstein, 349 So.2d 824 (Fla. 3d DCA 1977). See also Reynolds v. Reynolds, 187 So.2d 372, 373 (Fla. 2d DCA 1966).
In Crepage, the Fourth District, in evaluating the reasonableness of notice given before a forfeiture hearing, observed:
The amount of notice, like other components of procedural due process, depends on the nature of the proceeding. For example, the amount of notice that is necessary to provide a meaningful opportunity to be heard is not the same for an evidentiary hearing as it is for a status conference. The opportunity to be heard at an evidentiary hearing requires time to secure the attendance of witnesses and to prepare for the presentation of evidence and argument.
774 So.2d at 65 (quoting J.B., 734 So.2d at 500). In this case, the proceedings at issue were all adjudicatory hearings, for which significant preparation is required, and the defendants, who have the constitutional right to be present at all stages of a trial, are entitled to actual notice of the hearing. See Baker v. State, 979 So.2d 453 (Fla. 2d DCA 2008).
In this case, the State did not present any evidence that Petitioners actually knew about the moved-up dates of their trials; to the contrary, there was evidence that they did not know about them. Counsel representing several of the defendants *829 said their office had tried but had not succeeded in contacting their clients to let them know about the advancement order. It may well be that the public defenders assigned to these cases failed to act with the requisite dispatch when they received the orders on June 16 rescheduling the adjudicatory hearings, and the trial court understandably was not impressed with the argument that their clients were not amenable to contact. Nevertheless, we think that the amount of time the public defenders were given to notify their clients that their hearings had been advanced by a month to a date only six to eight working days hence was not reasonable under the circumstances. Accordingly, the custody orders based on the failure to appear in response to those orders are quashed.
WRIT GRANTED; ORDERS QUASHED.
SAWAYA and EVANDER, JJ„ concur.

. There are some factual differences between these cases. The order resetting the trials of A.C., T.M. and D.O. show that copies were provided to the public defender, the state and DCFS/DJJ. They do not reflect that they were provided to the child. The order resetting C.M.'s trial shows that it was also sent to the child at the address noted on the order. The order resetting P.W.'s hearing does not reflect service upon anyone.

. Florida Rule of Juvenile Procedure 8.085(b) provides that service of pleadings and papers upon a party shall be made on the attorney, if the party is represented, unless service on the party is ordered by the court.