DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA SPENCER,**
Appellant,

v.

**MITCHELL JAY KELNER,**
Appellee.

No. 4D22-2276

[March 8, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie C. Moon, Judge; L.T. Case No. DVCE21-007431.

Joseph A. DeMaria of Fox Rothschild LLP, Miami, for appellant.

Terrence P. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellant Joshua Spencer appeals the denial of his motion to vacate the trial court's final judgment granting Appellee Mitchell Jay Kelner's petition for injunction for protection. We conclude that Appellant's failure to attend a hearing on the petition, under the circumstances discussed herein, constituted excusable neglect. Accordingly, we vacate the protection order and remand for further proceedings.

**Background**

This appeal stems from Appellee's efforts to obtain an injunction for protection against Appellant. Appellee filed his first petition against Appellant, alleging dating violence. Appellant retained counsel, Joseph A. DeMaria, who moved for dismissal of this initial petition. After a hearing, the trial court dismissed the petition on October 13, 2021.

Less than one month later, Appellee filed a second petition, this time alleging that he was the victim of Appellant's cyber stalking. This petition was given a different case number than the earlier petition. Nevertheless,

DeMaria, Appellant's counsel from the dating violence first petition, was listed as "Respondent's counsel" on the face of the second petition.

The second petition/notification of the new action was not served on DeMaria or on Appellant. Instead, it was served on Appellant's father at the father's house. A copy of the dismissed first petition was attached to the served copy of the second petition.

Two weeks after the service on his father, Appellant was personally served (at his father's house) with a copy of the trial court's order setting an in-person hearing for the next day. At the time he was served, Appellant was under house arrest at his father's house in Syracuse, New York and was on probation for a federal computer crime conviction.

Appellant did not attend the hearing. After the hearing concluded, the trial court granted Appellee's petition for a protective injunction.

Only thirteen days later, Appellant, through DeMaria, moved to vacate the final judgment pursuant to Florida Family Law Rules of Procedure 12.540(b)[1] and 12.610(c)(6)[2]. In the motion, Appellant argued his absence constituted rule 12.540(b)(1) "excusable neglect" because he mistakenly believed the second petition was part of the first petition, given that the first petition was attached to the second petition. And because Appellant saw DeMaria listed as his counsel on the second petition, he likewise mistakenly believed that DeMaria had been served with the second petition.

The trial court denied Appellant's motion to vacate, finding:

> [Appellant] was on notice of this case prior to the hearing, but chose not to act. The Court is not persuaded there was an

---

[1] Rule 12.540(b) provides: "On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Florida Family Law Rule 12.540(b) is the family law version or equivalent of Florida Rule of Civil Procedure 1.540(b), thus case law interpreting either rule is applicable and relevant to the issues raised in the instant appeal. *See Sanchez v. Sanchez*, 285 So. 3d 969, 971 n.1 (Fla. 3d DCA 2019) ("[M]otions filed under rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)); *Macaw v. Macaw*, 803 So. 2d 707, 709 n.4 (Fla. 2001) ("The relevant portions of rule 12.540 are substantively identical to [r]ule 1.540.").

[2] Rule 12.610(c)(6), titled "Motion to Modify or Vacate Injunction," permits a party to "move the court to modify or vacate an injunction at any time."

improper denial of due process or conduct amounting to excusable neglect or mistake . . . .

The Court agrees with Counsel for [Appellee] that after being properly served, [Appellant] is not permitted to "sit on his hands, see what happens, and then decide he wants to defend."

This appeal followed.

## Analysis

"A trial court's determination on a motion for relief from judgment is reviewed for an abuse of discretion." *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 953 (Fla. 4th DCA 2014) (quoting *SunTrust Bank v. Puleo*, 76 So. 3d 1037, 1039 (Fla. 4th DCA 2011)); *see also Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 265 (Fla. 4th DCA 2013) ("[W]e review an order denying a motion to vacate a default for an abuse of discretion.").

Nonetheless, "[w]e review a claim of deprivation of procedural due process de novo." *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019). "Procedural due process requires both reasonable notice and a meaningful opportunity to be heard." *Yue Yan v. Byers*, 88 So. 3d 392, 394 (Fla. 4th DCA 2012) (quoting *N.C. v. Anderson*, 882 So. 2d 990, 993 (Fla. 2004)).

Although the amount of required notice does not turn on "hard and fast rules . . . the party served with notice must have actual notice and time to prepare." *Ferris v. Winn*, 242 So. 3d 509, 510 (Fla. 2d DCA 2018) (quoting *Harreld v. Harreld*, 682 So. 2d 635, 636 (Fla. 2d DCA 1996)). The time requirements will vary based on the type of proceeding and the circumstances surrounding it. *See Crepage v. City of Lauderhill*, 774 So. 2d 61, 65 (Fla. 4th DCA 2000).

Florida's courts have routinely held that if service of notice is made to a party only a few days or less before an adversarial hearing on the merits, then the notice is not fair and reasonable. *See, e.g., id.* (twenty-four hours' notice of adversarial hearing insufficient); *Ferris*, 242 So. 3d at 511 (no case has found twenty-four hours' notice of parental rights hearing to be reasonable); *Harreld*, 682 So. 2d at 636 (two working days insufficient for reasonable notice for out-of-town defendant); *Goral v. State*, 553 So. 2d 1282, 1283 (Fla. 3d DCA 1989) (two working days' notice of contempt hearing insufficient).

3

While an exception to this rule exists for emergencies, no emergency existed here to justify providing Appellant with only twenty-four hours' notice of the hearing. *See Ferris*, 242 So. 3d at 510 ("[N]o emergency situation existed based on the mother's verified motion so as to allow the father's procedural due process rights to 'give way.'").

Rather, the circumstances indicate that Appellant was justifiably confused given the situation. Part of this confusion was the result of Appellee's own mistake in listing DeMaria as Appellant's attorney in the second petition, yet neither serving DeMaria with that petition nor with the notice of hearing. Moreover, the second petition had a copy of the first petition attached to it, further providing Appellant with a basis to believe that DeMaria, his attorney in the first action, would have notice of the second action.

Under the circumstances set forth above, Appellant was denied reasonable notice of the hearing, and his failure to attend or request a continuance constituted excusable neglect under rule 12.540(b). However, we clarify that this opinion does not invite a defendant to "sit on his hands, see what happens, and then decide he wants to defend." Nor are we concluding that a short period of notice, *standing alone*, is always sufficient to constitute a due process violation. Generally, the absent party must make some effort to seek a continuance or otherwise inform the trial court of the party's inability to attend the hearing and properly present his or her case.

### Conclusion

Appellant was not given fair and reasonable notice of the hearing on the petition for protection, and showed excusable neglect, to justify vacating the trial court's final judgment. We therefore vacate the final judgment and remand with instructions to hold a properly noticed hearing.

*Judgment vacated; remanded for further proceedings.*

DAMOORGIAN and GERBER JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

4