658 So.2d 664 (1995)
Donna GELATO, Appellant,
v.
Peter BASCH, Appellee.
No. 95-1714.
District Court of Appeal of Florida, Fourth District.
August 2, 1995.
Steven Pesso, Boca Raton, for appellant.
Paula L. Schwartz, Plantation, for appellee.
PER CURIAM.
We reverse the order of the trial court which temporarily transferred the primary residence of the parties' two minor children from the mother to the father. The order appealed was entered during the pendency of a post final judgment modification proceeding, brought by the father, seeking a permanent change in the children's primary residence based on alleged change in circumstances. See McGlamry v. McGlamry, 608 So.2d 553 (Fla. 4th DCA 1992). The father alleged that the mother's involvement with a succession of male companions, some of whom stayed overnight at the home occupied by the mother and children for various periods of time, was detrimental to the best interests of the children warranting modification.
At a hearing held on February 22, 1995, the issue was resolved temporarily by having the trial court enter an agreed order that the mother would not have other persons living on the premises. Nonetheless, on April 27, 1995, the mother filed a motion now indicating that she planned to marry again, and seeking relief from the agreed order to allow her new husband-to-be to move into her home. The mother's motion was the only matter noticed for the hearing held on May 10, 1995, although the father's modification petition remained pending.
Following testimony only from the mother and her fiance, and notwithstanding there was no issue of temporary change in primary residence noticed for the May 10 hearing, the *665 trial court proceeded to enter the order now appealed. The order changed primary residence to the father, recounting the mother's lifestyle concerning other men, finding this was a "very disruptive atmosphere for the children," and that the father's lifestyle was more stable.
While we understand the trial court's commendable concern for the welfare of the children, the court "jumped the gun" and thereby denied the mother due process. Although the mother was allowed to put on some testimony, she had every reason to believe this was only in furtherance of her motion to allow her fiance to move in the house. Moreover, the mother argues on appeal that she had additional witnesses (a teacher, neighbor), who would demonstrate the children were not adversely affected by the mother's lifestyle and marital plans. These witnesses did not have an opportunity to testify. Thus, we can find no evidentiary support for the trial court's finding that the mother's lifestyle was disruptive to the children. More importantly, the trial court committed reversible error in changing primary residence, even on a temporary basis, at a hearing that was not noticed for that issue. Begens v. Begens, 617 So.2d 360 (Fla. 4th DCA 1993).
Reversed and remanded for further proceedings consistent with this opinion.
STONE, POLEN and PARIENTE, JJ., concur.