PER CURIAM.
This is an appeal from a post-judgment order in a divorce case that pertains to child custody. This court has jurisdiction. See Fla.R.App.P. 9.130(a)(3)(c)(iii). We have expedited the case and briefing was completed on September 3,1998.
Appellant is the former husband. The final judgment of dissolution, entered on April 17,1998, designated appellee (former wife) as the primary residential custodian of 18-month-old Justin. The judgment required shared parental responsibility for the child. The judgment’s visitation schedule provided for appellant to have a one-month vacation with the child, while the child is not enrolled in school, which coincides with appellant’s vacation from his employment. The schedule does not require that this visitation occur in the summer months. Appellant is required to give appellee at least 60 days notice prior to the commencement of the 30 day visitation period.
After the entry of the judgment, the parties and their families did not get along. On May 5, 1998, appellant filed a motion to “require pickup and delivery of child.” The motion sought a “structured exchange” for visitation, such as at the Family Connections Program in Palm Beach County. The motion requested that the exchange of the child not occur at the police station. Finally, the motion requested the court to set “specific parameters” for appellant’s 30 day visitation period.
After an evidentiary hearing, the trial court entered a written order on July 28, 1998, denying appellant’s motion. The effect of certain language in the order was to limit appellant to weekend visitation with his child. The order indicated that if appellant takes advantage of his visitation “perhaps the 30 days he requests could be implemented next summer.”
To the extent that the July 28 order withdrew the one month block of visitation, it amounted to a modification of the final judgment without a petition for modification being filed. The order adjudicated issues that had not been framed by the pleadings. A court cannot modify a judgment unless the issue that is the subject of the modification is properly presented by appropriate proceedings and each side is given an opportunity to be heard on the issue. See Gelato v. Basch, 658 So.2d 664 (Fla. 4th DCA 1995); Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986).
In this case, appellant sought a “structured exchange” of the child to obtain his visitation and requested that the court set a specific date. The trial court’s order denying the request went beyond the scope of the requested relief and modified the extended visitation altogether. Not only was this issue not before the court, there was no evidence presented to support the conclusion that the extended visitation was not appropriate.
We reverse the July 28 order of the trial court to the extent that it modified the final judgment of dissolution.
SHAHOOD and GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.