PER CURIAM.
The former husband, Kendy Brouard, appeals an order in which the trial court granted the former wife’s emergency motion. By granting the motion, the court suspended all visitation between former husband and his daughter, ordered that he immediately undergo a thorough psychological evaluation, directed that he immediately return the parties’ minor daughter to former wife, and awarded former wife temporary sole parental responsibility of the child.
We reverse upon finding the former husband was denied procedural due process having been given inadequate notice of the hearing which preceded the trial court’s order. See Gielchinsky v. Gielchinsky, 662 So.2d 732 (Fla. 4th DCA 1995); Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988).
Within their marital settlement agreement, which was incorporated into the final judgment, the parties agreed that there would be no designation of a primary residential parent. The parties had essentially agreed on their own rotating custody/visitation arrangement to suit their working schedules. As such, the order granting former wife’s emergency motion totally modified the parties’ settlement agreement.
On this record, we find no emergency to warrant such changes absent proper notice to former husband.[1] We, therefore, reverse the order and remand the case so that the issues can be resolved after each party has proper notice and an opportunity to be heard.
FARMER, SHAHOOD and HAZOURI, JJ., concur.

. Former husband was given notice of the Sept. 17, 1999, 9:30 a.m. hearing the previous evening at 7:05 p.m. According to former wife, on Sept. 16th, she received a call from the Judge’s assistant who advised that the matter would be heard the following day. As such, former wife immediately arranged for former husband to be served.