818 So.2d 604 (2002)
Sandra Gail BORDEN, Appellant,
v.
GUARDIANSHIP OF Elsa Marie BORDEN-MOORE, etc., Appellee.
No. 5D01-816.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
*605 Carol E. Donahue of Donahue & Isenhart, P.A., Winter Park, and Clayton Daniel Simmons of Stenstrom, McIntosh, Colbert, Whigham & Simmons, P. A., Sanford, for Appellant.
John M. McCormick, Orlando, for Appellee, Elsa Marie Borden-Moore.
Roy D. Wasson, Miami, for Appellee, Randall M. Moore.
ORFINGER, R. B., J.
Sandra Gail Borden ("Sandra") appeals the dismissal of her petitions to determine incapacity of her 81 year-old mother, Elsa Marie Borden-Moore ("Elsa") and for the appointment of a guardian in the event that Elsa was determined to be incapacitated. Because we conclude that the trial court improperly dismissed the incapacity proceedings, we reverse.
Elsa was widowed after being married to Gail Borden for 49 years. After Gail Borden's death, Elsa and Randall Moore ("Randall"), who had been the financial advisor of Gail Borden's extensive brokerage account, became romantically involved. Despite their considerable age difference (Randall being 49 and Elsa being 76), Randall and Elsa were married in 1995, and had been married for five years when the incapacity proceedings were filed.
After Sandra filed her petitions, the trial court entered temporary orders on December 5, 2000:(1) appointing Sandra as Elsa's emergency temporary guardian; (2) appointing an examining committee; (3) appointing Ian Gilden, an attorney, to represent *606 Elsa; (4) freezing Elsa's assets; and (5) enjoining Randall from having any contact with Elsa or interfering with her care or assets. The next day, Randall filed an emergency petition asking the court to set aside its order that he have no contact with Elsa. The trial court held an emergency hearing on Randall's petition on December 7, 2000. The hearing was not recorded, no examining reports were considered because the examining committee had not yet completed the required examinations, and Elsa's court-appointed attorney did not participate because he was not notified of the hearing.[1] At the conclusion of the hearing, the trial court not only granted Randall the relief he sought, but found that Elsa was competent, and dismissed the incapacity proceedings.
On appeal, Sandra first contends that she was denied due process when the court dismissed the incapacity proceedings following the December 7, 2000 hearing when no motion to dismiss had been filed or set for hearing.[2] We agree. The trial court should not have dismissed Sandra's petitions without first providing her with proper notice that dismissal would be considered. See Rainey v. Guardianship of Mackey, 773 So.2d 118 (Fla. 4th DCA 2000). Because notice implicates both rules of procedure and due process concerns, we consider both.
Florida Probate Rule 5.042 requires "reasonable" notice of any matter to be heard by the court.[3] This court considered what constitutes "reasonable" notice in Anderson v. Sun Trust Bank/North, 679 So.2d 307 (Fla. 5th DCA 1996), and concluded that four days notice of a hearing was insufficient for an award of guardianship fees and costs. Id. at 308. See also Montgomery v. Cribb, 484 So.2d 73, 74 (Fla. 2d DCA 1986) (two days notice for a hearing on a motion to strike a claim against an estate based upon summary judgment was inadequate). "While there are no hard and fast rules about how many days constitute a `reasonable time,' the party served with notice must have actual notice and time to prepare." Crepage v. City of Lauderhill, 774 So.2d 61, 64 (Fla. 4th DCA 2000) (quoting Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996)). Courts do not hesitate to find notice violations when important interests *607 are at stake. See, e.g., Crepage (24-hour notice of adversarial preliminary hearing violated claimant's procedural due process rights).
The right to reasonable notice also implicates constitutional due process concerns. As the supreme court said recently:
The basic due process guarantee of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Art. I, § 9, Fla. Const. The Fifth Amendment to the United States Constitution guarantees the same. As this Court explained in Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991), "[p]rocedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue." Procedural due process requires both fair notice and a real opportunity to be heard. See id. As the United States Supreme Court explained, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted). Further the opportunity to be heard must be "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); accord Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (stating that procedural due process under the Fourteenth Amendment of the United States Constitution guarantees notice and an opportunity to be heard at a meaningful time and in a meaningful manner).
The specific parameters of the notice and the opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding. See Gilbert v. Homar, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997); see also Mullane, 339 U.S. at 313, 70 S.Ct. 652, 94 L.Ed. 865 (stating that notice and opportunity for hearing need only be appropriate to the nature of the case). As the Supreme Court has explained, due process, "unlike some legal rules, is not a technical concept with a fixed content unrelated to time, place and circumstances." Cafeteria & Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Instead, "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So.2d 940, 948 (Fla.2001).
Here, Sandra had no notice, reasonable or otherwise, that dismissal of the incapacity proceedings would be considered by the court at the December 7, 2000 hearing. Randall's emergency petition did not seek to have the incapacity and guardianship petitions dismissed; instead, he sought only to have the temporary order keeping him from Elsa vacated.[4] Accordingly, *608 the court, in hearing Randall's petition at the December 7, 2000 emergency hearing, was confronted only with the issue of whether the December 5, 2000 temporary order enjoining Randall from having any contact with Elsa should be vacated; not whether the incapacity and guardianship proceedings should be dismissed. If these matters were to be considered by the court at the December 7, 2000 hearing, both Sandra and Elsa's court-appointed attorney were entitled to reasonable notice. See Murphy v. Ridgard, 757 So.2d 607, 608 (Fla. 5th DCA 2000) (father's due-process rights to notice and an opportunity to be heard on visitation modification petition were abridged by summary denial of his petition because no motion seeking summary adjudication of petition was filed, and father never had opportunity to present evidence at a properly noticed hearing); Gelato v. Basch, 658 So.2d 664-65 (Fla. 4th DCA 1995) (mother's due process rights were violated where temporary change of custody was ordered at hearing which concerned only mother's motion to allow her fiancé to move into her house with the children).
Reasonable notice prior to the dismissal of her petitions was necessary to allow Sandra the opportunity to show good cause why the court should not dismiss the action. See In re Gechtman, 719 So.2d 960, 962 (Fla. 4th DCA 1998) (providing that the party objecting to the termination of the guardianship must show good cause as to why the court should not terminate the guardianship and establish that the best interest and welfare of the ward would be served by disallowing termination). Without notice that dismissal was being considered, Sandra was denied her right to oppose dismissal.
Sandra next argues that the trial court erred when it dismissed the incapacity petitions three days after they were filed, without notice to Elsa's court-appointed attorney. Attorney John McCormick attended the December 7, 2000 hearing, allegedly on Elsa's behalf, although he had not been substituted as attorney of record for Elsa's court-appointed attorney. Florida Rule of Judicial Administration 2.060(h) provides in relevant part:
Attorneys for a party may be substituted at any time by order of the court. No substitute attorney shall be permitted to appear in the absence of an order.
No such order was either sought or obtained in this matter. Absent an order allowing substitution, McCormick should not have been permitted to appear on Elsa's behalf. Sandra also contends that McCormick had recently represented Randall, thereby creating a conflict of interest. We express no opinion on McCormick's ability to represent Elsa except to say that he was not properly substituted as Elsa's counsel. If on remand, McCormick is properly substituted as attorney for Elsa, Sandra may seek his disqualification before the trial court if she believes that a disqualifying conflict of interest exists.
Finally, we turn to the propriety of the court's dismissal of the action without the benefit of the examining committee's report, a requirement of section 744.331(3), Florida Statutes (2000). Section 744.331 contemplates that once a *609 facially sufficient petition to determine incapacity has been filed, the court must ensure that the alleged incapacitated person has an attorney, that an appropriately qualified examining committee promptly examines the person, and that an adjudicatory hearing be set no more than fourteen days after the filing of the report of the examining committee, unless good cause is shown to extend that time. Compliance with the requirements of section 744.331 is mandatory and the trial court's failure to adhere to those requirements constitutes reversible error.[5]See In re Frederick, 508 So.2d 44 (Fla. 4th DCA 1987).
For the foregoing reasons, we reverse the order dismissing the petition for incapacity and the petition for the appointment of a guardian, and remand this matter for such proceedings as may be presented to the trial court for resolution consistent with this opinion.
REVERSED AND REMANDED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] There is no transcript of the hearing. However, the record reflects that the trial court considered the testimony of Dr. Walter Muller, a psychiatrist; Dottie Burkett, an elder abuse specialist with the Seminole County Sheriff's Office; and Frank Houghton, one of Elsa's friends. None of these people were members of the examining committee. The trial judge also conducted an in camera interview of Elsa. The in camera interview is itself problematic. A trial judge's personal opinion about an alleged incapacitated person's capacity is a non-expert opinion entitled to no evidentiary weight. "While the trial court may, indeed must, determine the credibility and weight of the evidence, it is not empowered to create that evidence from the whole cloth." LeWinter v. Guardianship of LeWinter, 606 So.2d 387, 388 (Fla. 3d DCA 1992).
[2] Randall challenges Sandra's standing to institute the incapacity proceedings and to prosecute this appeal. Section 744.3201(1), Florida Statutes (2000) provides that any "adult person" may petition to determine the incapacity of any other person. Further, section 744.344(1), Florida Statutes (2000) provides that any "interested person" may intervene in the proceedings. Sandra is Elsa's daughter. She is both an "adult person" and an "interested party" under the statutes and consequently has standing to seek a determination of her mother's capacity and to prosecute this appeal.
[3] Rule 5.042. Time

(c) Service for Hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
Fla. Prob. R. 5.042(c).
[4] Specifically, Randall's Emergency Petition for Injunction provided:

Comes now the Petitioner, Randall M. Moore, by and through his undersigned attorney, and hereby filed this Petition to Enjoin the Order of this Court's Enforcement of Baker Act Proceedings: In re: Elsa Marie Borden-Moore, Ward in File No. 00 1157CP and, in particular, the provision therein "ordering that Randy Moore shall have no contact with Elsa Marie Borden-Moore directly or indirectly or indirectly during her evaluation and care"; and the Order Appointing Plenary Guardian of Person and Property dated December 5, 2000 in File No. 00-1161CP.
[5] Section 744.109, Florida Statutes provides that "[a]ll hearings on appointment of a guardian; adjudication of incapacity; modification, termination, or revocation of the adjudication of incapacity; or restoration of capacity must be electronically of stenographically recorded." While technically it is argued that this hearing does not fall within the purview of the statute, better practice would be for the court to ensure that such proceedings are electronically or stenographically recorded so that an accurate record of the proceedings is available for review. Such a procedure would have avoided the dispute that consumed the trial court's time resolving the competing statements of the evidence submitted pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).