ALTENBERND, Judge.
Joyce Kwiecinski appeals a final judgment awarding attorney’s fees and costs to her former attorney, John Renke, II, in the amount of $42,074.25. We reverse because Ms. Kwiecinski did not receive adequate notice of the evidentiary hearing on the amended motion for attorney’s fees.
Ms. Kwiecinski is a resident of New York. She hired Mr. Renke to represent her in litigation involving her father’s estate in Pasco County. After the legal matters were settled, Ms. Kwiecinski filed a complaint in Pasco County against Mr. Renke, apparently arguing that the fees he charged her in connection with the litigation, which exceeded $120,000, were unreasonable and should not have been withdrawn from his trust account. Mr. Renke counterclaimed for additional unpaid fees. Ultimately, Ms. Kwiecinski did not prevail on her claim, and Mr. Renke received a judgment of $32,219.80 for unpaid fees. Ms. Kwiecinski appealed the judgment and this court affirmed. Kwiecinski v. Renke, 875 So.2d 612 (Fla. 2d DCA 2004). We also granted a motion for appellate attorney’s fees based on the terms of Mr. Rerike’s contract with’Ms. Kwiecinski.
On remand, the only remaining issues were Mr. Renke’s claims for (1) attorney’s fees for representing himself in the action filed by Ms. Kwiecinski, (2) attorney’s fees for pursuing his counterclaim against her for the unpaid attbrnéy’s fees in the probate litigation,' and (3) appellate attorney’s fees authorized by this court. Ms. Kwiec-inski was unrepresented by counsel at that juncture in the litigation. As might be expected, the former client and her former attorney were no longer on speaking terms. Accordingly, on Friday, July 23, 2004, Mr. Renke filed an amended motion seeking attorney’s fees of approximately $40,000. On that same' day, he filed a notice of evidentiary hearing to determine the amount of attorney’s fees. The hearing was scheduled to take place only twelve days later on Wednesday, August 4, 2004.
Ms. Kwiecinski contends that she received this notice at her home in New York on Thursday, July 29, 2004, just four business days before the hearing was to take place. Upon receiving the notice, Ms. Kwiecinski served a motion objecting to the hearing date, which was filed in the trial court on August 2, 2004, two days before the hearing.
The trial court never responded to Ms. Kwieeinski’s objection, and on August 4, 2004, conducted the evidentiary hearing in her absence. The trial court entered a *968 judgment awarding Mr. Renke $18,200 in prevailing party attorney’s fees and $22,725 in appellate attorney’s fees. The total amount of the judgment entered, including costs, was $42,074.25.
In this case, it is undisputed that a pro se litigant who lived more than one thousand miles from the courthouse was given less than a week to make arrangements to travel to Pasco County and to prepare for an evidentiary hearing on a motion seeking over $40,000. The motion had been served with the notice of hearing. There are many cases set in circuit court where the total amount in controversy is less than $40,000. A case cannot be set for trial on less than thirty days’ notice. See Fla. R. Civ. P. 1.440(c). Fair notice and a real opportunity to be heard are essential to procedural due process. See Borden v. Guardianship of Borden-Moore, 818 So.2d 604, 607 (Fla. 5th DCA 2002) (citing Dep’t of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991)). Although we do not mandate a thirty-day notice for all hearings on motions for attorney’s fees, we conclude that Ms. Kwiecinski did not receive fair notice under all the circumstances.
We would note that this court granted appellate attorney’s fees in the prior appeal based on the contract between Mr. Renke and Ms. Kwiecinski. That contract permitted an award of fees to Mr. Renke “if it is necessary to file suit against [Ms. Kwiecinski] for the collection of any sums due from [her] under this agreement.” This contractual provision presumably permitted an award of fees against Ms. Kwiecinski for the time Mr. Renke expended on his counterclaim both in the trial court and in this court. It is not obvious from this record, however, that he is entitled to fees under this contract for his defense of the claim brought against him by his former client concerning fees that he had already collected.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ„ Concur.