937 So.2d 786 (2006)
Alex BISTRICER, as limited partner of Gulf Island Resort, L.P.; and Gulf Island Resort, L.P., Petitioners,
v.
OCEANSIDE ACQUISITIONS, LLC, a Florida limited liability company; and DBKN Gulf Incorporated, a Florida corporation, Respondents.
No. 2D06-541.
District Court of Appeal of Florida, Second District.
September 13, 2006.
Maurice J. Baumgarten of Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, for Petitioners.
Stacy D. Blank, William S. Dufoe, and Robert W. Lang of Holland & Knight LLP, Tampa, for Respondents.
NORTHCUTT, Judge.
Gulf Island Resort, L.P., and one of its limited partners, Alex Bistricer, seek certiorari review of an order compelling Gulf Island to perform maintenance and repairs on condominium units at issue in an underlying quiet title action. We treat the petition as a nonfinal appeal and reverse.
In the suit below, Gulf Island alleged that it had held title to certain condominium *787 units in Hudson, Florida, and that one of its member partners improperly conveyed the units to his own corporation. The units were then sold to Oceanside Acquisitions, LLC. Alleging that Oceanside purchased the units when it knew that the seller lacked authority to convey them, Gulf Island filed a quiet title suit against Oceanside and various related or involved entities. It also asserted a claim for slander of title. Oceanside and its codefendants counterclaimed to quiet title.
When a status conference was held in 2003, Gulf Island was in possession of the units and had a representative on site, but Oceanside was the record title holder. At the hearing Oceanside argued for leave to sell the units and escrow the proceeds until conclusion of the suit. It complained that the units were being neglected and it contended that the sales were necessary to prevent waste, citing complaints it had received about the condition of the units. Gulf Island opposed the sales. It volunteered to make necessary repairs if provided with notice of the complaints. Subsequently, the circuit court entered an order requiring that notice of any complaints be delivered to both Gulf Island and Oceanside and requiring Gulf Island to "address [the noticed] conditions, issues or problems. . . and if responsible for the repair [to] make repairs to such extent that are necessary to prevent waste, deterioration or unsafe/unhealthy/unclean conditions" until the suit was resolved.
In 2005, Oceanside and its codefendants filed a motion and amended motion for contempt and sanctions and to compel Gulf Island to perform maintenance and repairs to the units. On the issue of repairs, Gulf Island argued that the prior order was premised on Gulf Island's possession of the units.[1] It further asserted that it was no longer the party in possession. Gulf Island also contended that either the condominium association or the builder were responsible for certain repairs. At the hearing the circuit court acknowledged the necessity of an evidentiary hearing on these matters, but ultimately it ruled without conducting one. The court concluded that Oceanside had not shown grounds for contempt. But the court entered an order requiring Gulf Island "to perform all maintenance and to make all repairs . . . that are necessary to prevent waste, deterioration or unsafe/unhealthy/unclean conditions[.]" Gulf Island has petitioned for a writ of certiorari to quash the order.
The order at issue directs action on the part of Gulf Island. As such, it is in the nature of a mandatory injunction. 29 Fla. Jur.2d Injunctions § 3. Prejudgment injunctions are reviewable by appeal. Fla. R.App. P. 9.130(a)(3)(B) (allowing review of nonfinal order granting or continuing injunction); Philip J. Padovano, Florida Appellate Practice § 22.5 (2003 ed.). Accordingly, we treat this case as a nonfinal appeal of an injunction rather than as a petition for certiorari.
To merit injunctive relief, a party must show "a clear legal right or interest in the subject matter, a likelihood of irreparable harm, a substantial likelihood of succeeding on the merits," and in some cases "a showing that the public interest would be served or would not be injured by the granting of the injunction[.]" Lee County v. S. Fla. Water Mgmt. Dist., 805 So.2d 893, 896 (Fla. 2d DCA 2001) (citations omitted). The injunction in this case was entered without an evidentiary hearing, and therefore it lacks any factual basis. *788 For this reason, it must be reversed. See City of Indian Rocks Beach v. Tomalo, 834 So.2d 341, 342 (Fla. 2d DCA 2003) (reversing order in the nature of an injunction, entered after motion to compel compliance with prior order, when "no proof was offered to demonstrate the elements required to be proven before issuance of an injunction").
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] "Waste may be committed by, and only by, one rightfully in possession of the land[,]" 22 Fla. Jur.2d Estates, Powers and Restraints § 161, and an injunction is the ordinary remedy, id. § 166.