MORRIS, Judge.
C.K., the father, seeks a writ of certiora-ri directed at the dependency drug court’s order prohibiting him from having contact with the mother, V.M., until further order of the court. We treat the petition as an appeal from a nonfinal order granting an injunction. See Fla. R.App. P. 9.130(a)(3)(B); Bistricer v. Oceanside Acquisitions, LLC, 937 So.2d 786 (Fla. 2d DCA 2006). The Department of Children and Family Services (DCF) concedes error because C.K. received no notice of the hearing at which the order was issued and therefore no opportunity to be heard. We reverse and remand.
I. Background
In this dependency action, C.K. was originally ordered to comply with his case plan tasks, which included, among other things, that C.K. participate in the dependency drug court program. After C.K.’s first-appearance hearing before the dependency drug court was continued but prior to the continued date, the drug court held an interim hearing for which C.K. received no notice. As a result, neither C.K. nor his counsel was present at the hearing. During that hearing, the drug court issued the no-contact order.[1] C.K. was unaware of the order until he arrived at the continued first-appearance hearing at which point he was served with the order. C.K’s counsel inquired about the order, and the drug court indicated that it issued the order because C.K. had refused to sign a medical release form and that the drug court was prevented from “finding] out what his status was” so that C.K. could be treated. This prevented the drug court from “monitoring] the situation.” C.K’s counsel later inquired about the basis for *977 the no-contact provision, but no one present, including the drug court judge, responded to the question. Instead, the hearing was concluded.
II. Analysis
We review whether a party was denied the opportunity to be heard for abuse of discretion. See Douglas v. Johnson, 65 So.3d 605, 607 (Fla. 2d DCA 2011).
Section 39.502(1) and (4)-(9), Florida Statutes (2011), requires that parties in dependency proceedings receive notice. Similarly, Florida Rule of Juvenile Procedure 8.255(h), applicable to dependency proceedings, provides that “[w]hen these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.” Thus, both the statute and rule require notice to all parties in dependency proceedings.
“The right to reasonable notice also implicates constitutional due process concerns.” Borden v. Guardianship of Borden-Moore, 818 So.2d 604, 607 (Fla. 5th DCA 2002). Procedural due process is required in order ‘“to ensure fair treatment,’ ” and it is comprised of “both fair notice and a real opportunity to be heard.” Id. (quoting Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth., 795 So.2d 940, 948 (Fla.2001) (internal quotation marks omitted)). “ ‘The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance ... [while] the opportunity to be heard must be at a meaningful time and in a meaningful manner.’” Id. (quoting Keys Citizens, 795 So.2d at 948) (internal quotation marks omitted).
In the context of injunction proceedings, this court and others have found that where a party was not provided with reasonable notice or a meaningful opportunity to be heard, a procedural due process violation occurred. See L.C. v. A.M.C., 67 So.3d 1181, 1182-83 (Fla. 2d DCA 2011); Douglas, 65 So.3d at 607; Smith v. Smith, 964 So.2d 217, 219. (Fla. 2d DCA 2007); Dep’t of Children & Families v. D.B.D., 42 So.3d 916, 920-21 (Fla. 4th DCA 2010); see also Brooks v. Barrett, 694 So.2d 38, 38 (Fla. 1st DCA 1997) (holding — without discussing procedural due process implications — that trial court could not sua sponte amend an injunction where there had been no notice or hearing).
Here, C.K. was provided with no notice, nor was he provided with an opportunity to be heard. Consequently, his procedural due process rights were violated as were the notice provisions of section 39.502(1) and (4)-(9) and rule 8.255(h), and the trial court abused its discretion in entering the no-contact order. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
DAVIS and KHOUZAM, JJ., Concur.

. It is not clear from the record whether V.M. or DCF requested the no-contact order or whether the trial court issued the order sua sponte. However, this issue is not pertinent to the disposition in this case.