MORRIS, Judge.
The father appeals an order placing his children in a permanent guardianship and terminating the supervision of the Department of Children and Family Services. The father argues on appeal that he was denied due process because he was not provided adequate notice that the Department was seeking a permanent guardianship prior to the hearing at which the permanent guardianship determination was made. The Department and the Guardian Ad Litem concede error on this point, and we agree that a reversal is necessary.
Immediately prior to a scheduled review hearing in the dependency case, the Department filed a notice of filing a permanent guardianship case plan, along with a case plan that included permanent guardianship as the primary goal. The Department also filed a motion to place the children in a permanent guardianship, to terminate protective supervision, and to review the new case plan. At the hearing, the father’s attorney objected to hearing the Department’s motion that day because the father had only received notice of the Department’s motion that day. Nonetheless, the magistrate took testimony and entered her report and recommendation, and the report and recommendation were approved by the trial court.
A parent’s due process rights are violated when a trial court enters a permanent guardianship order without the parent’s having prior notice that a permanency determination would be made. See R.H. v. Dep’t of Children & Families, 948 So.2d 898, 899 (Fla. 5th DCA 2007). Although the Department filed a written motion requesting termination of supervision as required by Florida Rule of Juvenile Procedure 8.345(b), the father was effectively denied notice that the trial court would be making a permanency determination because the hearing was held the same day that the Department filed the motion and the amended case plan indicating the new goal of permanent guardianship. See Borden v. Guardianship of Borden-Moore, 818 So.2d 604, 607-08 (Fla. 5th DCA 2002) (holding that notice must reasonably convey the necessary information and provide the party with reasonable time in which to make his appearance). The father was aware that a judicial review hearing was scheduled that day, but he was not aware that a permanency decision would be made. Accordingly, we reverse the order on appeal and remand for further proceedings.
Reversed and remanded.
DAVIS and KHOUZAM, JJ„ Concur.