NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES LEIGH FERRIS,                     )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D17-1075
                                        )
DIANNA WINN f/k/a DIANNA M.             )
FERRIS,                                 )
                                        )
            Appellee.                   )
_____ )

Opinion filed April 6, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County; John
S. Carlin, Judge.

Michael E. Chionopoulos of Absolute Law,
P.A., Fort Myers, for Appellant.

Toni A. Butler of Alderuccio & Butler,
LLC, Naples, for Appellee.


BADALAMENTI, Judge.

            The former husband, James Ferris (the "father"), appeals the trial court's

nonfinal order granting the former wife's, Dianna Winn (the "mother"), verified

emergency motion ("verified motion") to suspend a mediated postdissolution

timesharing agreement and prohibiting the father from contacting their three minor

children.  On appeal, the father argues that he was deprived of his procedural due

process rights because nineteen hours' notice of the hearing on the mother's verified motion was insufficient. We agree and reverse.

Procedural due process "is comprised of 'both fair notice and a real opportunity to be heard.' " In re C.K., 88 So. 3d 975, 977 (Fla. 2d DCA 2012) (quoting Borden v. Guardianship of Borden-Moore, 818 So. 2d 604, 607 (Fla. 5th DCA 2002)). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance . . . [while] the opportunity to be heard must be at a meaningful time and in a meaningful manner." Id. (alteration in original) (quoting Borden, 818 So. 2d at 607).

Section 61.518(1), Florida Statutes (2017), mandates that "[b]efore a child custody determination is made under this part, notice and an opportunity to be heard . . . must be given to . . . any parent whose parental rights have not been previously terminated." The legislature defines "[c]hild custody determination" as a "judgment, decree, or other order of a court providing for the legal custody, physical custody, residential care, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order." § 61.503(3). Further, Florida Rule of Civil Procedure 1.090(d) requires a party to serve a copy of any written motion and a copy of the notice of the hearing "a reasonable time before the time specified for the hearing." "While there are no hard and fast rules about how many days constitute a 'reasonable time,' the party served with notice must have actual notice and time to prepare." Harreld v. Harreld, 682 So. 2d 635, 636 (Fla. 2d DCA 1996). That said, a parent's "right to due process may give way when an emergency situation exists, 'such as where a child is threatened with physical harm or is about to be improperly removed from the

- 2 -

state.' " Bahl v. Bahl, 220 So. 3d 1214, 1216 (Fla. 2d DCA 2016) (quoting Smith v. Crider, 932 So. 2d 393, 398 (Fla. 2d DCA 2006)).

As an initial matter, the parties do not dispute, and we agree, that no emergency situation existed based on the mother's verified motion so as to allow the father's procedural due process rights to "give way." See id. In Bahl, the mother filed an emergency petition for change in her timesharing agreement with the father. Id. at 1215. There were no allegations that the father threatened the child with physical harm. Id. at 1216. Instead, the mother alleged " 'ongoing parental alienation perpetrated' by the father towards the mother." Id. Our court explained that while "the allegations by the mother . . . were serious and warranted consideration by the trial court, they did not rise to the level of harm that would excuse the trial court from providing the father with an opportunity to be heard." Id.

Here, the mother's verified motion alleged that the father engaged in extreme parental alienation while the children were assimilating to living with her in Indiana. Specifically, the mother asserted that the father emailed their minor children urging the children to not obey the mother. She further contended that the father "wrongfully and consistently tried to alienate the minor children's feelings towards [her]" by posting "hateful, inflammatory, outrageous and false allegations" on social media about the mother. Like Bahl, the mother here made allegations that the father acted to alienate the children from her through communications with the children. See id. Also like Bahl, the mother did not allege that the children were in threat of physical harm by the father. See id. Although the father's alleged conduct here is serious and warrants consideration by the trial court, the alleged conduct set forth in the verified motion did

not establish an emergency situation so as to quell the father's procedural due process rights.  See id.; Loudermilk v. Loudermilk, 693 So. 2d 666, 668 (Fla. 2d DCA 1997) (noting that a court may enter an order granting a motion for temporary custody without affording notice to the opposing party where an emergency exists, such as "where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state").

Having identified that there was no emergency situation set forth in the verified motion, we next address whether the notice provided to the father was adequate to protect the father's procedural due process rights.  The mother filed her verified motion on February 8, 2017, at 10:14 a.m.  At 3:17 p.m. on that same day, the father and an attorney who had represented the father for a portion of the postdissolution proceedings were served via email by the mother's attorney with notice that a hearing on the mother's emergency motion would take place on February 9, 2017, at 10:30 a.m.  Approximately one hour later, the father's former attorney filed a "Notice of Non-Representation," advising the trial court that he no longer represented the father and therefore would not be attending the hearing.

Neither the father nor any attorney representing the father attended the February 9 hearing, which took place approximately nineteen hours after the mother's attorney sent email notice of that hearing.  The trial court subsequently entered an order suspending the father's timesharing arrangement with the children, suspending all contact from the father with the children, and ordering that the father undergo a psychiatric examination, among other requirements.

After careful review, we hold that the father's procedural due process rights were violated because he was provided inadequate notice of the hearing on the mother's verified motion. Although determining whether notice provided is reasonable depends upon the circumstances of each case, we have not identified a single case where less than twenty-four hours' notice of a hearing impacting an individual's parental rights was upheld as reasonable. See Hayman v. Hayman, 522 So. 2d 531, 532 (Fla. 2d DCA 1988) (concluding that the court deprived former wife of her procedural due process rights by entering order granting custody of children to former husband where former wife received written notice of the hearing on former husband's contempt motion the morning of the hearing); Brouard v. McLean, 753 So. 2d 601, 602 (Fla. 4th DCA 2000) (reversing entry of order suspending father's visitation with his daughter on the basis of inadequate notice when former husband was provided with less than twenty-four hours' notice of the hearing). Although the father was represented by counsel throughout some portions of the dissolution and postdissolution proceedings, the father was unrepresented by counsel at the time of the filing of the mother's verified motion. Less than one day's notice to retain counsel and prepare for an evidentiary hearing on the mother's verified motion is not reasonable. Indeed, the mother's counsel laudably concedes this on appeal. Accordingly, we reverse the February 9, 2017, order of the trial court.

In closing, we commend the trial court on acting promptly in this difficult familial dispute impacting minor children, which has stretched for several years and has involved numerous contentious filings. We are compelled, however, to reverse and remand the case so that the issues raised in the mother's verified motion can be

resolved by the trial court after each party receives proper notice and an opportunity to be heard.  See Brouard, 753 So. 2d at 602.  We express no opinion as to the merits of the mother's verified motion.

Reversed and remanded for further proceedings consistent with this opinion.


SILBERMAN and CRENSHAW, JJ., Concur.