# Third District Court of Appeal

## State of Florida

Opinion filed June 2, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-911
Lower Tribunal No. 21-6462
_____

**Kelly Lopez,**
Petitioner,

vs.

**Hiram Frometa,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for petitioner.

Law Office of Ada M. Barreto, P.A., and Ada M. Barreto, for respondent.

Before SCALES, MILLER and LOBREE, JJ.

PER CURIAM.

Petitioner Kelly Lopez seeks certiorari review of an April 7, 2021 trial court discovery order requiring Lopez to submit to a hair follicle drug test in proceedings related to her petition for dissolution of marriage with dependent or minor children.[1] Because we conclude that Lopez did not receive adequate notice of the hearing in which the trial court ordered the drug test, we grant the petition for writ of certiorari.

On March 31, 2021, Lopez, acting *pro se*, filed in the trial court her petition to commence divorce proceedings against her husband, respondent Hiram Frometa. On the same day, Frometa, also acting *pro se*, answered Lopez's petition and agreed to all requested relief in Lopez's petition. Sometime during the following week, their cooperative divorce disintegrated. On April 7th, Frometa, now represented by counsel, both filed an "Emergency Motion to Abate Timesharing or in the Alternative, for Supervised Timesharing and Drug Testing" and requested a special set hearing on his emergency motion. In his motion, Frometa requested a court order for a referral to Family Court Services for Lopez to undergo a hair follicle drug test.

---

[1] Along with her filing of the certiorari petition, Lopez filed in this Court an emergency motion to stay the trial court's order. We temporarily granted Lopez's stay motion and ordered respondent Hiram Frometa to file a response to both Lopez's stay motion and her certiorari petition. Frometa, though, failed to respond to either.

The trial court received Frometa's motion and request for hearing at approximately 11:00 a.m. on April 7th. At 12:48 p.m., the trial court sent notice that it had set Frometa's motion for hearing via Zoom at 2:00 p.m. Notwithstanding the short notice, the parties and counsel for Frometa appeared at the hearing. Later in the day, the trial court entered the challenged April 7th order that both adjusted the parties' timesharing of their minor children and referred both parties to Family Court Services for drug testing.

Certiorari is appropriate when a non-final order represents "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (quoting Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). Because the challenged order meets the jurisdictional prongs (namely, prongs 2 and 3), our inquiry is focused on whether the order departs from the essential requirements of law. Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995).

Inadequate notice can constitute a deprivation of due process resulting in a departure from the essential requirements of law, warranting

3

certiorari relief.[2]  See In re A.W.P., Jr., 10 So. 3d 134, 136 (Fla. 2d DCA 2009).  We conclude that the trial court's sudden scheduling of the hearing – i.e., a mere three hours after Frometa's filing of the motion – and its giving Lopez a little over an hour's notice of the hearing resulted in a deprivation of due process. See  Ferris v. Wynn, 242 So. 3d 509, 511 (Fla. 2d DCA 2018) (holding that emailed notice nineteen hours before hearing to suspend husband's timesharing was insufficient notice); Brouard v. McLean, 753 So. 2d 601, 602 (Fla. 4th DCA 2000) (holding that hearing on wife's emergency motion to suspend visitation between husband and minor child and to order husband's psychological evaluation deprived husband of procedural due process when husband received notice of hearing the evening before the morning hearing); Hayman v. Hayman, 522 So. 2d 531, 532-33 (Fla. 2d DCA 1988) (holding that wife was deprived of procedural due process after notice of fewer than twenty-four hours of contempt hearing for her alleged failure to deliver custody of minor child to husband); Fla. R. Civ. P. 1.090(d) (service

---

[2] In addition to asserting that she was deprived of due process, Lopez also argues in her petition that the trial court's order departs from the essential requirements of law because it violates Florida Family Law Rule of Procedure 12.360. The absence of a hearing transcript inhibits our consideration of this argument; nonetheless, in view of our due process determination we need not reach this issue.

4

of motion and notice of hearing must be made a reasonable time before hearing).

Petition granted; order quashed.