# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2695
LT Case No. 2022-DR-000524-A

_____

BLAKE VERNON GARRISON,

Appellant,

v.

TAMMY ELAINE WILLIAMSON,

Appellee.

_____

On appeal from the Circuit Court for Sumter County.
Michelle T. Morley, Judge.

Christopher P. Fordham, of Schenking & Fordham, P.A.,
Brandon, for Appellant.

No Appearance for Appellee.

October 20, 2023

JAY, J.

Blake Garrison challenges the trial court's issuance of a dating violence injunction against him. Because we agree that Garrison received insufficient notice of the evidentiary hearing on the injunction petition, we reverse.

On September 23, 2022, Tammy Williamson petitioned for a dating violence injunction against Garrison, her former fiancé. The

trial court found that based on the allegations in the petition, Williamson did not appear to be in any imminent danger. Accordingly, the court did not issue an ex parte injunction. The court set an evidentiary hearing on Williamson's petition for the morning of October 7, 2022, at the Sumter County Courthouse. The court's scheduling order stated that "[t]o appear at a hearing, lawyers must file a Notice of Appearance at least 2 days in advance." Garrison, who resides in Pinellas County, was not served with notice until the day before the hearing. He immediately sought a continuance, but the court did not grant one.

The hearing occurred as scheduled on October 7. Both parties appeared pro se, and the court granted Williamson's petition. That same day, Garrison moved to modify the injunction. The pro se motion—which reads like a motion for rehearing—complained that Garrison had inadequate time to prepare for the hearing. The court denied Garrison's motion.

The parties in a domestic injunction proceeding have full due process rights. *Berrien v. State*, 189 So. 3d 285, 287 n.2 (Fla. 1st DCA 2016). Due process demands "fair notice" and "a real opportunity to be heard and defend" before a court imposes judgment. *State ex rel. Gore v. Chillingworth*, 171 So. 649, 657 (Fla. 1936). Whether a party received procedural due process is a question that we review de novo. *Jenkins v. M.F.*, 280 So. 3d 507, 510 (Fla. 5th DCA 2019).

To be fair, notice "must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Ferris v. Winn*, 242 So. 3d 509, 510 (Fla. 2d DCA 2018) (quoting *In re C.K.*, 88 So. 3d 975, 977 (Fla. 2d DCA 2012)). "While there are no hard and fast rules about how many days constitute a 'reasonable time,' the party served with notice must have actual notice and time to prepare." *Id.* (quoting *Harreld v. Harreld*, 682 So. 2d 635, 636 (Fla. 2d DCA 1996)). "The time requirements will vary based on the type of proceeding and the circumstances surrounding it." *Spencer v. Kelner*, 357 So. 3d 166, 169 (Fla. 4th DCA 2023). However, "Florida's courts have routinely held that if service of notice is made to a party only a few days or less before an adversarial

2

hearing on the merits, then the notice is not fair and reasonable." *Id.*

For example, in a case with facts analogous to this one, the Second District held that twenty-five hours' notice of a domestic violence injunction hearing was insufficient:

> On April 8, 2010, A.M.C. (the Mother) filed a petition for injunction for protection against domestic violence against L.C., the child's paternal grandfather. After reviewing the Mother's petition, the court found that the facts as stated in the petition standing alone did not justify the entry of a temporary injunction. The court set a hearing for April 15, 2010, at 11:00 a.m. The Grandfather was not served with notice of the hearing until April 14, 2010, at 9:45 a.m. The Grandfather immediately attempted to obtain counsel, but was unable to do so in time for the hearing. After the hearing, he did retain an attorney who promptly filed a motion for rehearing detailing the Grandfather's efforts to obtain counsel between the time he received the notice and the time of the hearing.

> On appeal, the Grandfather argues that the service of notice only twenty-five hours before the hearing was insufficient. . . . Under the[se] facts . . . we agree the notice was insufficient. The record contains no indication that J.C. was in any danger because of L.C., and certainly not imminent danger. L.C. acted diligently to obtain counsel after he was served with the notice, and he promptly sought rehearing after the injunction was entered in a motion that detailed his efforts. Accordingly, we reverse and remand for further proceedings.

*L.C. v. A.M.C.*, 67 So. 3d 1181, 1182–83 (Fla. 2d DCA 2011) (footnotes omitted); *see also Spencer*, 357 So. 3d at 169 ("[N]o emergency existed . . . to justify providing Appellant with only twenty-four hours' notice of the hearing [on a petition for a protective injunction]."); *Ferris*, 242 So. 3d at 512 ("Less than one day's notice to retain counsel and prepare for an evidentiary

hearing on the mother's verified motion [to prohibit contact with the couple's minor children] is not reasonable.").

Here, like *L.C.*, *Spencer*, and *Ferris*, the amount of notice was unfair because it did not afford Appellant a reasonable opportunity to prepare for the hearing. Appellant, who lives in Pinellas County, did not receive notice of a dispositive, evidentiary hearing in Sumter County until the day before the hearing. He then promptly requested a continuance, but the court did not grant one. In addition, the court's scheduling order required all lawyers to file their notices of appearance at least two days before the hearing. Thus, by the time Garrison received notice of the evidentiary hearing, it was impossible for any counsel he could have retained to comply with the court's scheduling order.

Because Garrison did not receive fair notice of the hearing on Williamson's petition for a dating violence injunction, we reverse the final judgment awarding an injunction.[*]

REVERSED and REMANDED.

WALLIS and MACIVER, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[*] The injunction expired on April 7, 2023. However, because of the collateral consequences at stake, a pending appeal of a dating violence injunction does not become moot when the injunction expires. *Bell v. Battaglia*, 332 So. 3d 1094, 1097–1103 (Fla. 2d DCA 2022) (collecting cases and expounding on the rationale for this rule); *see also Malone v. Malone*, 368 So. 3d 1057, 1059–61 (Fla. 1st DCA 2023) (Tanenbaum, J., concurring).